MTD PRODUCTS, INC., APPELLANT, *v.* ROBATIN ET AL., APPELLEES.

[Cite as *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66.]

(No. 90–1236—Submitted April 17, 1991—Decided July 3, 1991.)

*Robert C. Ochs* and *Frank E. Gafney,* for appellant.

*Donald E. Lampert, Shapiro, Kendis & Assoc. Co., L.P.A.,* Alan J. Shapiro and *Eric P. Allen,* for appellee Edward Robatin.

*Lee I. Fisher,* Attorney General, *Dennis L. Hufstader* and *Steven L. Sterner,* for appellees Administrator and Industrial Commission.

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* urging affirmance for *amicus curiae,* Ohio AFL–CIO.

HERBERT R. BROWN, J.  The sole issue before us is whether Robatin's injury was received "in the course of, and arising out of," his employment, thus allowing him to participate in workers' compensation pursuant to R.C. Chapter 4123.  For the following reasons we hold that Robatin is not entitled to workers' compensation benefits and overrule *Littlefield v. Pillsbury Co.*

(1983), 6 Ohio St.3d 389, 6 OBR 439, 453 N.E.2d 570, to the extent that it conflicts with our opinion herein.

## I

Appellant MTD asserts that the court of appeals erred when it held that Robatin's right-hand turn into the congested entranceway of MTD's south parking lot was a "special hazard" under *Littlefield* which entitled Robatin to collect workers' compensation benefits.

At the heart of the question of whether an employee is entitled to participate in the Workers' Compensation Fund is the causal connection between the injury and the activities, conditions, and environment of employment. *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 15 O.O.3d 359, 401 N.E.2d 448. Additionally, we note the well-established rule that workers' compensation statutes must be liberally construed in favor of the employee. R.C. 4123.95.

As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist. *Bralley, supra.* The general rule, however, does not operate as a complete bar to an employee who is injured commuting to and from work if the injury occurs within the "zone of employment." *Id.* See, also, *Indus. Comm. v. Barber* (1927), 117 Ohio St. 373, 159 N.E. 363.

More recently, in *Littlefield v. Pillsbury Co., supra,* we also recognized the "special hazard or risk" exception to the general rule. In *Littlefield* we held that when the employment creates a "special hazard," an employee is entitled to workers' compensation benefits if he sustains injuries because of that hazard. Furthermore, we held that the rule applies where: (1) "but for" the employment, the employee would not have been at the location where the injury occurred, and (2) the risk is distinctive in nature or quantitatively greater than the risk common to the public. *Id.* at syllabus.

In *Littlefield,* the employee was injured in his vehicle while returning from lunch at a nearby restaurant. He was stopped in the roadway waiting to make a left-hand turn into the plant entrance when he was rear-ended by another vehicle. The plant entrance was the only means of egress and ingress. *Id.* at 389–390, 6 OBR at 439–440, 453 N.E.2d at 572. Under these facts, this court held that the employer had created a "special hazard," thereby putting the employee at a quantitatively greater risk than that common to the public at large.

On its facts, *Littlefield* cannot be distinguished from the present case. We conclude today that our decision in *Littlefield* was an incorrect application of the law to the facts of that case. In *Littlefield,* and in the present case, the facts do not support a finding that the employer created a special hazard of employment. The risk to an employee making a turn from a busy roadway and into the plant entrance is no different from, and no greater than, the risk that any member of the driving public encounters every day on crowded and congested city streets. The risk was that a negligent driver would cause a rear-end collision—an occurrence not resulting from a "special hazard" created by the employer.

The facts in the case before us do not indicate a "special hazard." The first prong of the *Littlefield* test is not in dispute: "but for" Robatin's employment with MTD, he would not have been at the location where the injury occurred— in other words, the parties concede that Robatin was on his way to work. The "but for" part of the test, however, is so encompassing as to be virtually unlimited in scope, as noted by Justice Locher in his *Littlefield* dissent.

The present case fails on the second requirement enumerated in the *Littlefield* syllabus, which is not met here because MTD created no "special hazard." Like millions of Ohioans driving to work every day, Robatin drove on busy, public streets. He, like everyone else, risked an accident. The fact that Robatin had to slow down because of congested traffic at the lot entrance while waiting to enter is a normal event in city driving and not a "special" risk created by MTD. The risk that Robatin encountered was the negligent driver who violated traffic laws and rear-ended his vehicle. Had congested traffic caused Robatin to slow to a standstill while not on his way to work (as for example if he were pulling into a drive-in restaurant), the accident would have occurred in the same way. Furthermore, it was neither a "risk * * * distinctive in nature [n]or quantitatively greater than the risk common to the public." MTD, therefore, created no "special hazard" entitling Robatin to workers' compensation benefits for his injuries.

Appellee Robatin, however, contends that even without establishing a "special hazard," he is entitled to workers' compensation benefits.

Robatin claims that his injury is compensable because it occurred within the "zone of employment." *Bralley, supra.* We disagree. When Robatin encountered the negligent driver immediately adjacent to MTD's lot, he had not already arrived at his place of employment, as in *Baughman v. Eaton Corp.* (1980), 62 Ohio St.2d 62, 16 O.O.3d 45, 402 N.E.2d 1201. Further, unlike the facts of *Barber, supra,* there is no evidence that MTD had control over West 130th Street, where the accident occurred, or over the driver who rear ended Robatin. Accordingly, we do not agree that Robatin was within the "zone of employment."

Robatin also contends that there is a causal connection between his injury and his employment based on the totality of the circumstances surrounding the accident. We have determined the following factors to be relevant under this test: (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident. *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d 1271, 1274; *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, at syllabus.

While we agree that the accident occurred proximate to Robatin's place of employment, we do not agree that the second and third prongs of the "totality of the circumstances" test are met. As stated, MTD did not have control over the scene of the accident: it controlled neither the public street on which the accident occurred nor the negligent driver who caused the accident. Furthermore, an employee arriving to begin his day's work is not yet performing any service for the benefit of his employer. Therefore, under the totality of the circumstances, we find no causal connection between Robatin's injury and his employment.

## II

In conclusion, Robatin's injury was not received "in the course of, and arising out of" his employment, and we reverse the judgment of the court of appeals.

*Judgment reversed.*

MOYER, C.J., HOLMES and WRIGHT, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. I respectfully dissent from the decision reached by the majority. The majority overrules our decision in *Littlefield v. Pillsbury Co.* (1983), 6 Ohio St.3d 389, 6 OBR 439, 453 N.E.2d 570, in the language of the opinion, but not in the syllabus. Such a drastic change in the law of workers' compensation should be made, if at all, in the syllabus. See Rule 1(B) of the Supreme Court Rules for the Reporting of Opinions: "The syllabus of a Supreme Court opinion states the controlling point or points of law * * *." In Ohio, the syllabus of a Supreme Court case states the law. See *Truesdale v. Dallman* (C.A.6, 1982), 690 F.2d 76, 77, fn. 1; *Thackery v. Helfrich* (1931), 123 Ohio St. 334, 175 N.E. 449. The failure of the majority to overrule our decision in *Littlefield, supra,* in the syllabus can only serve to confuse the bench and bar, as well as working men and women of Ohio.

For example, the majority "conclude[s] today that our decision in *Littlefield* was an incorrect application of the law to the facts of that case. In

*Littlefield,* and in the present case, the facts do not support a finding that the employer created a special hazard of employment." The majority then goes on to apply the very test announced in *Littlefield:* "The first prong of the *Littlefield* test is not in dispute. * * * The present case fails on the second requirement enumerated in the *Littlefield* syllabus, which is not met here because MTD created no 'special hazard.'" The question that begs an answer, then, is how viable is the "special hazard" exception in Ohio? Since the majority has failed to expressly state in the syllabus that the "special hazard" exception is rejected, I can only conclude that the exception is still the law in Ohio. Moreover, by applying the *Littlefield* test, the majority approves of that test as an appropriate standard.

More important, I strongly disagree with the decision that the majority has reached today since this injury would still be covered under R.C. 4123.01(C) as it was received "in the course of, and arising out of, the injured employee's employment." In *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, we held in the syllabus: "Whether there is a sufficient 'causal connection' between an employee's injury and his employment to justify the right to participate in the Workers' Compensation Fund depends on the totality of the facts and circumstances surrounding the accident, including: (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer has over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident."

Applying the foregoing test to the facts of this case, the record reveals that Robatin's vehicle was immediately adjacent to the employer's parking lot at the time of the accident. Thus, Robatin was in close proximity to the place of his employment. The employer provided parking for its employees at this lot and was in total control of the lot. The majority declares that " * * * MTD did not have control over the scene of the accident: it controlled neither the public street on which the accident occurred nor the negligent driver who caused the accident." But this analysis completely disregards the fact that the real cause of Robatin's failure to turn into the parking lot had nothing to do with congestion on the street, but rather was the vehicle in the employer's lot obstructing its entrance. Robatin was on his way to work, and therefore the benefit to the employer was evident as MTD would have its employee present on the job. Thus, it can readily be seen that all three *Lord* factors have been met.

It is well-established in Ohio that workers' compensation statutes must be liberally construed in favor of the employee. R.C. 4123.95. As this court stated in *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 278, 551 N.E.2d 1271,

1274: "Thus, it is axiomatic that the phrase 'in the course of, and arising out of' must be accorded liberal construction. 'In applying it [the coverage formula], this court must be guided by the * * * fundamental principle that the requirement is to be liberally construed *in favor of awarding benefits.*' * * *'" (Citation omitted.) (Emphasis *sic.*) In *Fisher,* we allowed benefits finding that "[a]ppellant herein was on her way to her place of employment when the injury occurred at Kaiser Elementary, another school over which the school board had control." *Id.* at 279, 551 N.E.2d at 1276. Hence, in *Fisher* the employee was not even near or at her own place of employment. Rather, the claimant was leaving one school and proceeding to the school where she taught, yet she was allowed compensation for her injury. The case before us is much stronger. Robatin would have been in the parking lot of his employer if it had not been for the obstruction of the entrance by a van. Indeed, the majority acknowledges just how close Robatin was to entering the parking lot when it states: "Robatin *began* to make a slow right hand turn into the blocked entrance." (Emphasis added.)

Moreover, in *Fisher, supra,* we recognized that prior Ohio case law clearly suggests that an employee need not *actually* be on an employer's premises in order to receive workers' compensation benefits. *Id.* at 278, 551 N.E.2d at 1275, fn. 1. In the present case, Robatin was but a few feet away from the parking lot which was blocked. He had already begun to make the necessary right hand turn. A majority of this court has determined that he is not entitled to workers' compensation benefits. Given the facts of this case, as compared to this court's prior findings of coverage under the workers' compensation laws, I believe the majority's determination fails to provide a liberal construction in favor of the employee. For all the foregoing reasons I would affirm the decision of the court of appeals.

SWEENEY and DOUGLAS, JJ., concur in the foregoing dissenting opinion.