**RATLIFF et al.**

v.

**INDUSTRIAL COMMISSION OF OHIO.**

Court of Claims of Ohio.

No. 93-01517.

Decided March 18, 1997.

*Mark A. Adams*, for plaintiffs.

*Peggy W. Corn*, Assistant Attorney General, for defendant.

J. WARREN BETTIS, Judge.

On January 19, 1993, plaintiff Malcolm R. Ratliff filed this action, which alleges that an employee of defendant, Industrial Commission of Ohio, parked his vehicle in a garage and negligently locked his keys in his vehicle while the engine was running. As a result, Ratliff, who was working in the garage, alleges that he suffered a stroke after being overcome with exhaust from the vehicle.

This action has a long procedural history. Plaintiffs' January 19, 1993 complaint urged the Court of Claims to find that the employee, Donald M. Colasurd, Chairman of the Industrial Commission of Ohio, acted outside the scope of his employment. On March 18, 1993, plaintiffs also filed an action in the Franklin County Court of Common Pleas, which caused the case in this court to be stayed on April 13, 1993. The stay was set aside on September 27, 1994.

On January 11, 1995, this court determined that Colasurd was not entitled to personal immunity pursuant to R.C. 9.86, since the allegations in plaintiffs' complaint were based on injuries arising from the operation of a motor vehicle. However, in a January 19, 1995 status conference, the parties agreed that an issue existed as to whether Colasurd was entitled to personal immunity pursuant to R.C. 2743.16(B).

In a July 24, 1995 entry overruling plaintiffs' motion for summary judgment, this court explained that a determination of immunity pursuant to R.C. 2743.16(B) was needed before plaintiffs could properly proceed in the court of common pleas. Accordingly, this action was scheduled for trial on August 26, 1996, to determine whether Colasurd was "engaged in the course of his employment or official responsibilities for the state." R.C. 2743.16(B).

On August 26, 1996, the parties submitted the transcript of Colasurd's deposition as the stipulated facts for the trial. Having agreed to try the case on simultaneously submitted briefs, defendant and plaintiffs submitted trial briefs on November 12 and 14, 1996, respectively.

On February 10, 1997, this action came before the court for a nonoral hearing to determine whether Colasurd is entitled to personal immunity pursuant to R.C. 2743.16(B). The findings and conclusions herein are derived from the documents and pleadings in the case file.

On March 25, 1991, Colasurd, Chairman of the Industrial Commission, parked his vehicle in an underground parking garage assigned to his office. After parking, Colasurd inadvertently locked his keys in the vehicle without turning off the engine. The Industrial Commission and the parking garage are both housed in a building owned and controlled by the state of Ohio. The parking space was designated strictly for Colasurd's use. Additionally, the parking area was accessible only to those persons who possessed a state-issued keycard. As a result of the accumulation of exhaust fumes, plaintiff Malcolm Ratliff alleges, he experienced a stroke.

R.C. 2743.16(B) reads:

"If a person suffers injury, death, or loss to person or property from the operation of an automobile * * * by an officer or employee of the state while engaged in the course of his employment or official responsibilities for the state, the person or the representative of that person shall attempt, prior to the commencement of an action based upon that injury, death, or loss, to have the claim based upon that injury, death, or loss compromised by the state * * *.

" * * * Neither the person nor his or his estate's representative shall commence an action against the officer or employee to recover damages for the injury, death, or loss until after he commences the action in the court of claims against the state and the action in that court is terminated."

This case is one of first impression of R.C. 2743.16(B) with respect to whether an employee was engaged in the course of his employment or official responsibilities for the state. Therefore, this court must turn to workers' compensation case law for guidance regarding the language set forth in R.C. 2743.16(B).

The court finds that upon entering the parking garage, Colasurd did not come within the course of his employment or official responsibilities for the state. *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 572 N.E.2d 661, is a workers' compensation case that is analogous to the present case. In *MTD Products, Inc.*, the court used the "totality of the circumstances" standard to determine whether an employee was within the scope of his employment. The third prong of this standard, as set forth in *MTD Products*, requires the

employer to receive a benefit from the employee. The *MTD Products* court held that an employee arriving to begin his day at work is not yet performing any service for the benefit of his employer. Accordingly, the court finds that Colasurd's mere arrival at work did not confer a benefit on his employer. Therefore, Colasurd was not acting within the course of his employment or official responsibilities for the state when he locked his keys in his vehicle with the engine running.

The court further finds that the state is not liable for the actions of Colasurd. A master is not liable for his servant's negligence while driving to work at a fixed place of employment, where the driving involves no special benefit to the master other than the making of the servant's services available to the master at the place where they are needed. See, *e.g., Boch v. N.Y. Life Ins. Co.* (1964), 175 Ohio St. 458, 26 O.O.2d 47, 196 N.E.2d 90, paragraph two of the syllabus. Therefore, since Colasurd was not engaged in the course of his employment or official responsibilities for the state and did not confer a benefit on the state, the court finds that the state is not liable for his actions.

The court finds that plaintiffs have the right to bring a suit against Colasurd in the court of common pleas. R.C. 2743.16(B) reads:

"If the court of claims determines that the state is not liable for the injury, death, or loss caused by the officer's or employee's operation of the automobile * * *, the person or his estate's representative is not prohibited by this division from commencing an action against the officer or employee to recover the claim or the unpaid amount of the claim based upon the injury, death, or loss."

Therefore, since the state is found not to be liable, plaintiffs are not prohibited from commencing an action against Colasurd in the court of common pleas to recover their claim. Accordingly, judgment is rendered for defendant.

*Judgment for defendant.*