This is an appeal from a judgment of the Fulton County Court of Common Pleas. Appellant, Earl Scheib of Ohio, Inc., appeals the trial court's grant of summary judgment to appellee, Joyce A. Wade, and sets forth the following assignments of error:
 "The trial court erred in awarding compensation to the claimant because Wade's injuries were not received in the course of his employment."
 "The trial court erred in awarding compensation to the claimant because Wade's injuries did not arise out of his employment."
 "The trial court erred by failing to address both prongs of R.C. 4123.01 (C)."
 "The trial court's judgment in favor of claimant was against the manifest weight of the evidence."
The decedent, Gary C. Wade, was a Paint Shop Manager employed by appellant in its Canton, Ohio paint and body shop. 1996, Wade applied for and obtained the position of Internal Auditor with the company. Appellant required each employee who was selected to be an Internal Auditor to attend a one to two week training session prior to starting his or her new position. this instance, Wade was to attend a training session in Chicago, Illinois. Earl Scheib of Ohio, Inc. paid for Wade's accommodations in Chicago and was to pay his airplane fare or reimburse him for mileage if he decided to drive to Chicago.
On the morning of April 7, 1996, Wade left his home in Austintown, Ohio, driving his own motor vehicle. Near Delta, Ohio, approximately forty miles from the Indiana line, Wade's car went off the Ohio Turnpike, hit a guardrail, then a bridge pillar and began to roll. Wade was thrown from the vehicle and died at the scene.
Wade's widow, Joyce A. Wade, filed for workers' compensation death benefits. Her claim was allowed by the District Hearing Officer. After the Ohio Industrial Commission refused to hear its appeal, appellant filed a timely notice of appeal in the Fulton County Court of Common Pleas. Appellant moved for summary judgment. Appellee filed a cross-motion for summary judgment. On May 14, 1998, the common pleas court granted the motion for summary judgment filed by appellee and denied appellant's motion.
We shall first address appellant's fourth assignment of error. In that assignment, appellant contends the trial court's judgment is "against the manifest weight of the evidence."
Decisions of the industrial commission concerning the right of an employee to participate in the state's workers' compensation fund may be appealed to a court of common pleas under R.C. 4123.512. Such appeals are governed by the Ohio Rules of Civil Procedure. See R.C. 4123.512 (E). They are subject to de novo review by the common pleas court. Zuljevic v. Midland-Ross (1980), 62 Ohio St.2d 116,118; State ex rel. Federated Dept. Stores, Inc. v.Brown (1956), 165 Ohio St. 521, paragraph two of the syllabus. Thus, if the common pleas court enters summary judgment in this situation, an appellate court employs a de novo standard of review. Jones v. Multi-Color Corp. (1995), 108 Ohio App.3d 388;Jennings v. Trimble (Nov. 2, 1995), Jackson App. No. 94CA754, unreported. Therefore, we do not review the judgment in the present case under a "manifest weight" standard. Accordingly, appellant's fourth assignment of error is found not well-taken.
Appellant's remaining three assignments of error are interrelated and shall be considered together. The standard of review and the substantive law applicable to this case is as follows.
In applying the de novo standard, we review the trial court's grant of summary judgment independently and without reference to the trial court's determination. Brown v. Sciotov. Bd. of Comm'rs. (1993), 87 Ohio App.3d 704,711. Summary judgment is appropriate when: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds construing the evidence in favor of the nonmoving party could reach but one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C).
An employee's injury is compensable under the state worker's compensation fund only when it is "received in the course of, and arising out of, the injured employee's employment." R. C. 4123.01(C). Both prongs of the formula must be satisfied before compensation will be allowed. Fisher v. Mayfield (1990), 49 Ohio St.3d 275,277. As a general rule, the workers' compensation statute must be "liberally. construed in favor of employees." R.C. 4123.95;Fisher v. Mayfield, 49 Ohio St.3d at 278. This rule of construction applies to the phrase "in the course of, and arising out of." Id.
The term "in the course of employment" is associated with the time, place and circumstances of the injury while the "arising out of element" contemplates a causal connection between the injury and the employment. Id. at 277.
Appellant contends that it offered specific facts showing that appellee's claim is subject to the "coming and going" rule. The "going and coming rule" has, in the past, been applied to determine that an employee who worked at a fixed situs was not injured during the course of his or her employment and/or his or her injury did not arise out of the employment relationship if that injury was incurred either when the employee was traveling to or coming from the work site. Ruckman v. Cubby Drilling, Inc. (1998),81 Ohio St.3d 117, 119. The "going and coming rule" has also been addressed by the Ohio Supreme Court with regard to employment involving "variable fixed sites." See, i.g., Ruckman.
In discussing the meaning of "course of employment" within the context of applying the "going and coming" rule, theRuckman court determined that an injury sustained by an employee occurs during the course of employment if that employee was engaged in activity that is consistent with the contract for hire and logically related to the employer's business. Ruckman v. Cubby Drilling, Inc.,81 Ohio St.3d at 120. The court held that entitlement to workers' compensation, did not require a worker to be injured in the actual performance of work for his or her employer. Id. at 120, quoting Sebek v. Cleveland Graphite Bronze Co. (1947), 148 Ohio St. 693, paragraph three of the syllabus. 49 Ohio St.3d at 277.
Here, the undisputed facts[1] demonstrated that the decedent was required to attend the training session by his employer before he could assume the duties of his new position. The training session was part of his "contract for hire" and related to the employer's business. Accordingly, no question of fact existed as to whether Wade was acting in the course of his employment at the time he was injured.
Appellant insists that in determining whether Wade's injury arose out of his employment for the purposes of the "going and coming" rule, the trial court was required to apply the factors found Lord v. Daugherty
(1981), 66 Ohio St.2d 441. These factors are: " (1) the proximity of the scene of the accident to the place of employment, (2), the degree of control the employer had over the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." Id. at the syllabus.
In applying these factors, it must be conceded that the undisputed facts show the accident did not occur within the proximity of Wade's "place of employment" and that appellant had no control over the place of the accident. Wade was, however, on his way to the training session at the behest of his employer and that training session was for his employer's benefit. That is, Wade was to be trained for an internal auditor position which would significantly benefit appellant when Wade assumed that position. More importantly, theRuckman court emphasized that a causal connection between the injury and the employment sufficient to meet the "arising out of" prong of the statute depends on a totality of the facts and circumstances surrounding the accident. Ruckman v. CubbyDrilling, Inc., 81 Ohio St.3d at 122, citing Fisher v.Mayfield, 49 Ohio St.3d at 279. If not for his employment, Wade would not have been at the site of this fatal accident. SeeBrown v. Bernen's Medical (Nov. 19, 1997), Clermont App. No. CA97-06-058, unreported; The Midwestern Indemn. Co. v. VideoFeatures, Inc. (Nov. 2, 1994), Hamilton App. No. C-930401, unreported.
Furthermore, in Ruckman, at 123-125, the Ohio Supreme Court recognized that the "special hazard" exception to the "going and coming" rule (as applied only to determining the existence of a causal connection) encompassed a variety of factors. Under the "special hazard" exception, an employee's injury that is suffered as he or she is either coming or going to work, arises out of his or her employment if the risk taken in the commute is "distinctive in nature or quantitatively greater than the risk common to the public." MTD Products, Inc. v. Robatin
(1991), 61 Ohio St.3d 68, 69. The factors recognized by theRuckman court were the remoteness and temporary nature of the work site, the necessity of interstate travel and the distance traveled. Id. at 124-125. Because of the nature of these factors, the court found that the' employees in that case established a risk quantitatively greater than risks to the general public. Id. at 125.
In the present case, Wade was required to travel a relatively long distance interstate to a temporary location as an incident of his employment. Thus, the risks faced were quantitatively different than those of the general public and the trial court could have found, as a matter of law, that the special hazard exception applied to this case.
For the foregoing reasons, there was no question of fact that a causal connection existed between the injury and the decedent's employment.
Accordingly, the trial court did not err in determining that reasonable minds could only conclude that Wade's injury was compensable under R.C. Chapter 4123 as a matter of law. Appellant's first and second assignments of error are found not well-taken.
Appellant's third assignment of error asserts that the trial court failed to address the "arising out of" prong of the test in R.C. 4123.01 (C). While the trial court's judgment entry never expressly sets forth the two parts of the test provided by R.C.4123.01 (C), the court's discussion of the issues raised is sufficient to establish that the court found that the trip to Chicago was part of Wade's employment contract (the "in course of" employment prong) and was causally connected (the arising out of" employment prong). Therefore, appellant's third assignment of error is found not well-taken.
The judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ---------------------------- JUDGE
Melvin L. Resnick, J. ---------------------------- JUDGE Richard W. Knepper, J. CONCUR. ---------------------------- JUDGE
[1] Appellant argues that Wade was not required to take the internal auditor's position, that he could have opted to take the training session at another time and that he could have taken an airplane to Chicago. These are not material facts
sufficient to create a question of fact on any of the dispositive issues in this case. Rather, they are mere speculation on the part of appellant.