JOURNAL ENTRY AND OPINION
Plaintiff-appellant Delbert Rates ("appellant") appeals from the trial court's ruling on the parties' cross-motions for summary judgment. Appellant assigns the following errors for our review:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT.
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED APPELLANT'S CROSS MOTION FOR SUMMARY JUDGMENT.
Finding appellant's assignments of error to lack merit, we affirm the judgment of the trial court.
 I.
In 1992, defendant-appellee Cuyahoga County ("the County") hired appellant as a corrections officer. Appellant worked at the Cuyahoga County jail located inside the Justice Center in Cleveland, Ohio.
The County suspended appellant from work without pay effective on August 16, 1994; appellant's suspension continued through August 27, 1994. On August 26, 1994, although suspended from work, appellant went to the Justice Center to pick up his paycheck. Appellant parked his car in a public parking lot and proceeded to jaywalk across West jrd Street toward the closest entrance to the Justice Center. As he was crossing West 3rd Street, appellant sustained "serious and permanent" injuries when he was struck by an automobile.
Appellant filed a claim for workers' compensation benefits which was denied throughout the administrative process. On December 15, 1997, appellant filed a notice of appeal and complaint in the Cuyahoga County Court of Common Pleas challenging the administrative denial of his claim for workers' compensation benefits.
On September 14, 1998, defendants-appellees Administrator, Bureau of Workers' Compensation and the Industrial Commission of Ohio ("the administrative defendants") filed a motion for summary judgment. On October 5, 1998, appellant filed a brief in opposition to the administrative defendants' motion for summary judgment along with his cross-motion for summary judgment. In an eight-page ruling filed on December 2, 1998, the trial court granted summary judgment in favor of the administrative defendants.[1] Therefrom, appellant has filed the instant appeal.
 II.
In his first assignment of error, appellant claims that the trial court erred in granting the administrative defendants' motion for summary judgment. As for his second assignment of error, appellant argues that the trial court erred in denying his crossmotion for summary judgment. We will address appellant's assignments of error concurrently as they have common issues of law and fact.
Under Civ, R. 56 (C), a motion for summary judgment is properly granted if the court, upon viewing the evidence in a light most favorable to the party against whom the motion is made, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to a judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. See State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589.
In order for an injury to be compensable under the Workers' Compensation Act, both prongs of the test set forth in R.C.4123.01(C) must be satisfied. Fisher v. Mayfield (1990) 49 Ohio St.3d 275,277. In other words, the injury must be received "in the course of" as well as "arise out of" the employment. Id.
Factors used to determine whether an injury was sustained while in the course of employment include consideration of the time, place and circumstances surrounding the injury. Id.
"As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." MTD Products, Inc.V. Robatin (1991), 61 Ohio St.3d 66, 68. Known as the "coming-and-going rule", the rule's use has been rationalized to contemplate only those hazards encountered by an employee in the discharge of the duties of the employment, and not the risks and hazards, such as travel to and from the employee's actual employment over streets and highways, which are similarly encountered by the general public. Duncan v. Ohio Blow Pipe Co.
(Sept. 24, 1998), Cuyahoga App. No. 73056, unreported, citingIndus. Comm. v. Baker (1933), 127 Ohio St. 345, paragraph four of the syllabus.
Appellant contends that several exceptions to the coming-and-going rule apply to this case. Specifically, appellant argues: (1) he was in his "zone of employment" when he was injured; (2) he was injured as a result of a "special hazard" of his employment; and (3) his injury occurred in the course of and arising out of his employment because he was injured while picking up his paycheck.
Appellant argues that he is entitled to workers' compensation because he was in his "zone of employment" when he was injured and his employment created a "special hazard." This court has consistently followed the rule that an employee injured off the employer's premises will be compensated for injuries within the "zone of employment" only where the employee is also subject to a "special hazard." See Brown v. B.P. America, Inc. (1993),85 Ohio App.3d 194, 196, citing MTD Products,supra. See also Vincent v. Adm., Bur. of Workers' Comp.
(May 27, 1999), Cuyahoga App. No. 75414, unreported; Santogrossiv. Ohio Bur. of Workers' Comp. (Feb. 20, 1997), Cuyahoga App. No. 71157, unreported; Brown v. University Hospitals of Cleveland
(March 20, 1997), Cuyahoga App. No. 71087, unreported; Brown v.Bank One (May 25, 1995), Cuyahoga App. No. 67923, unreported;Zelenak v. May Company (Apr. 7, 1994), Cuyahoga App. No. 64940, unreported.
The "zone of employment" prong of the exception requires the existence of a causal connection between the injury and the employment. MTD Products, supra. The "special hazard" prong of the exception requires a risk distinctive in nature or quantitatively greater than the risk common to the public. SeeLittlefield v. Pillsbury Co. (1983), 6 Ohio St.3d 389, syllabus.
As a general rule, the risk to an employee on a roadway is no different from, and no greater than, the risk that the general public encounters every day on crowded and congested city streets. MTD Products, supra, at 69. Accord Beharry v. ClevelandClinic Foundation (Nov. 22, 1995), Cuyahoga App. No. 68050, unreported; Maikranz v. Datacorp Business Systems, Inc. (Mar. 25, 1993), Cuyahoga App. No. 61998, unreported.
In the instant case, appellant insists that because employees who work at the Justice Center routinely jaywalk across West 3rd Street coming to and going from work, they are subject to a special hazard. However, we note that appellant parked his car in a public parking lot and was proceeding to a public entrance to the Justice Center when the underlying accident occurred. As such, we find that the risk of crossing West 3rd Street was no greater to appellant than it was to any other member of the general public. Because appellant's employment did not create a special hazard, his injury is not compensable under the zone of employment exception to the coming-and-going rule.
Finally, appellant requests that this court adopt a "paycheck" exception to the coming-and-going rule. Appellant maintains that because he was injured in the process of picking up his paycheck, his injury occurred in the course of and arose out of his employment. Appellant acknowledges that no Ohio court has recognized such an exception, and instead cites to cases from other jurisdictions. This court is unwilling to expand the law in Ohio to recognize a paycheck exception to the coming-and-going rule.
For these reasons, the trial court did not err in granting summary judgment in favor of appellees. Appellant's first and second assignments of error are not well taken. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTTON, P.J. and ANNE. L. KILBANE. J CONCUR.
 ___________________________________ LEO M. SPELLACY JUDGE
[1] The trial court subsequently granted summary judgment in favor of the remaining defendant, Cuyahoga County.