JOURNAL ENTRY and OPINION
Defendant-appellant herein, University Hospitals of Cleveland, appeals from the order of the trial court which entered judgment for plaintiff-appellee, Deborah Coleman, on her claim for workers' compensation benefits for an injury which she sustained while riding a shuttle bus from her place of employment to a parking lot after her shift had ended.
The relevant stipulated facts of this case are as follows. Appellee was a medical transcriptionist employed by the appellant. On April 28, 1995, appellee injured her right knee when she tripped and fell while riding in a shuttle bus that was taking her to her parking lot after her shift had ended. The appellee does not know what, if anything, caused her fall. The shuttle bus in question was owned and operated by University Circle, Inc. ("UCI"). UCI is a nonprofit corporation composed of 44 member institutions from the University Circle area. The appellant does not own, operate or manage the UCI shuttle buses.
The appellee filed a claim with the Ohio Bureau of Workers' Compensation on June 15, 1995. The claim was contested by the appellant because it did not believe that the appellee was injured in the course and scope of her employment. The claim was originally heard by a district hearing officer who denied the claim. Subsequently, a staff hearing officer granted the appeal and allowed the claim for a tear of the right medial meniscus. The Industrial Commission refused to hear the appellant's appeal from the order of the district hearing officer. Appellant then filed an appeal to the Cuyahoga County Court of Common Pleas. The trial court, in an opinion that was journalized on September 15, 1998, concluded that appellee suffered a compensable injury under the existing case law precedent and entered judgment for the appellee.
The appellant timely filed its appeal. The matter is now properly before this court for review. The appellant's sole assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING JUDGMENT IN FAVOR OF APPELLEE, DEBORAH COLEMAN, HOLDING THAT SHE WAS INJURED WITHIN THE COURSE OF AND ARISING OUT OF HER EMPLOYMENT.
Initially, we note that the Ohio workers' compensations statute covers "any injury, whether caused by external accidental means or accidental in character and results, received in the course of, and arising out of, the injured employee's employment." R.C.4123.01(C); Vincent v. Bur. of Workers' Comp. (May 27, 1999), Cuyahoga App. No. 75414, unreported.
In MTD Products v. Robatin (1991), 61 Ohio St.3d 66, the Ohio Supreme Court stated in its syllabus:
 As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation fund because the requisite causal connection between the injury and the employment does not exist.
In Brown v. B.P. Amer. Inc. (1993), 85 Ohio App.3d 194, this court stated:
 MTD Products indicates that injuries occurring off the employer's premises but within the "zone of employment" will be compensable henceforth only when the employment itself created a special hazard.
The test for determining a special hazard or risk was set forth in Littlefield v. Pillsbury Co. (1983), 6 Ohio St.3d 389. The court held that a claim for workers' compensation would be compensable where: 1) but for the employment, the employee would not have been at the location where the injury occurred; and 2) the risk is distinctive in nature or quantitatively greater than the risk to the general public. Id.
In the instant case, the appellee stipulates that she is not aware of any hazard that contributed to her fall. The appellee simply fell while she was in a shuttle bus that was owned and operated by UCI. This court cannot ascertain how the appellant could have created a "special hazard" which contributed to the appellee's injury when the appellee is unable to identify a single hazard of any nature. The shuttle bus that the appellee was on when she was injured during her fall was, from all accounts, completely operational and free of defects at the time that the appellee fell. The trial court's opinion misperceives the special hazard test by concluding that the mere fact that the bus which the appellee was riding on primarily serviced employees of the appellant meant that the shuttle bus constituted a special hazard. Without some showing that the appellee's injury was caused by a hazard or defect inherent in the operation of the shuttle bus, this court cannot conclude that the risk of injury to the appellee was distinctive in nature or qualitatively greater than the risk to any member of the general public who avails himself to public transportation
The trial court also held that the appellee was entitled to participate in the workers' compensation fund under the "totality of the circumstances" test set forth in Fisher v. Mayfield
(1990), 49 Ohio St.3d 275. The totality of the circumstances test requires that the court evaluate three factors to determine whether a causal connection exists between an employee's injury and his employment: 1) the proximity of the site of the injury to the place of employment, 2) the degree of control the employer had over the site, and 3) the benefit the employer received from the injured employee's presence at the site of the injury. Id.
In the case sub judice, none of the three factors contained in the totality of the circumstances test establish a causal connection between the appellee's employment and her injury. Although the shuttle bus the appellee was riding in was situated in a lot owned by the appellant at the time of the accident, this fact is insufficient to establish the prerequisite proximity between the scene of the accident and the place of employment for several reasons. First, the appellee had finished working and left the building where she worked prior to the time that she apparently injured herself. The appellee worked at the McDonald House, which is part of the large campus-like setting of University Hospitals. The parking lot where the appellee was injured was a 5-10 minute walk from the building where she worked.
Second, appellee fell and injured herself while in the shuttle bus. Appellee did not fall onto the concrete surface of the parking lot owned by the appellant. The shuttle bus was owned, operated and managed by UCI, not the appellee. There is no indication in the record whatsoever that the mere happenstance of the bus's physical location in a parking lot owned by the appellant at the time of the accident had anything to do with the appellee's injury.
Finally, in Beharry v. Cleveland Clinic Foundation (Nov. 25, 1995), Cuyahoga App. No. 68050, this court addressed a substantially similar question and concluded that in situations where an employer's premises are geographically vast and expansive, a "subpoint" must be used for determining what constitutes an employer's premises. This court concluded that the appropriate subpoint is the building where the employee actually works. In the present case, it is uncontroverted that the appellee was not in or near the McDonald House at the time that she fell and was injured.
The analysis of the question of the degree of control that the appellant had over the scene of the accident dictates a finding that such control was not sufficient to establish a causal connection between appellee's employment and her injury. Although the appellant owned the lot where the bus was situated when the injury occurred, the lot was managed by UCI. UCI provided for the security and cleaning of the lot and employed the attendant who was stationed at the lot. Similarly, the shuttle bus was owned, operated and managed by UCI. It is thus readily apparent that the appellant did not exercise meaningful control of the scene of the appellee's accident for purposes of satisfying the second prong of the totality of the circumstances test.
The third prong of the Fisher court's also weighs in favor of finding no causal connection between the appellee's injury and her employment. At the time of the accident the appellee was off the clock and free to do whatever she wished. The fact that she chose to ride a shuttle bus to the lot where her car was parked bestowed no particular benefit on the appellant. In MTD Products,supra, the court stated that "[a]n employee arriving to begin his day of work is not yet performing services for the benefit of his employer." MTD Products, 61 Ohio St.3d at 70. It follows logically that an employee who has completed his day's work and has left his employer's premises is also not performing any service for the benefit of his employer.
As stated, the accident did not occur in close proximity to the appellee's place of employment, the appellant did not have control over the scene of the accident, and the appellee was not performing a service for the benefit of the appellant at the time that she was injured. Therefore, under the totality of the circumstances, we find no causal connection between appellee's injury and her place of employment.
In conclusion, appellee's injuries were not sustained "in the course of and arising out of" her employment. We sustain the appellant's sole assignment of error. The trial court shall enter judgment in favor of the appellant consistent with this opinion.
Judgment reversed and vacated.
This cause is reversed and vacated for proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATTON, P.J., and BLACKMON, J., CONCUR.
 _________________________ MICHAEL J. CORRIGAN JUDGE