ACCELERATED DOCKET JOURNAL ENTRY and OPINION
This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 25.
Plaintiff-appellant Jacalyn A. Rock appeals from the trial court's granting summary judgment in favor of defendant-appellee the Bureau of Workers' Compensation (Bureau). We find merit to the appeal and reverse and remand for further proceedings.
On February 4, 1997, Rock, a bus driver for the Parma School Board, filed an application for workers' compensation benefits as a result of injuries she sustained on January 24, 1997, when she slipped on ice in the bus parking lot as she was walking back to work after completing a personal errand. On December 31, 1997, the Industrial Commission of Ohio denied Rock's application.
On March 7, 1998, Rock appealed from the decision of the Industrial Commission to the court of common pleas. Rock voluntarily dismissed the complaint without prejudice and then refiled on December 10, 1999. The Bureau filed a motion for summary judgment, and on January 24, 2001, the trial court granted the motion stating as follows:
 Defendant-Administrator's Bureau of Workers' Compensation Motion for Summary Judgment (filed 11-6-00) is granted as unopposed. PARTIAL.
On February 1, 2001, the trial court amended its prior order to reflect that the judgment was final because no separate claim was brought against the Parma School Board. The trial court in this order also denied Rock's motion for an extension of time to respond to the Bureau's motion, finding that a previous order granting an extension had clearly noted that no further extensions would be granted.
Rock now appeals and raises one assignment of error.
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING APPELLEE-ADMINISTRATOR'S MOTION FOR SUMMARY JUDGMENT.
Appellate review of summary judgments is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court stated the appropriate test in Zivich v. Mentor Soccer Club (1998),82 Ohio St.3d 367, 369-70, as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383,385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
It appears that the trial court granted the Bureau's motion for summary judgment based on the fact that it was unopposed. However, it is well settled that there is no default summary judgment under Ohio law. Maust v. Palmer (1994), 94 Ohio App.3d 764, 769; Duncan v. Grubach Trucking (Dec. 11, 1997), Cuyahoga App. No. 71520, unreported. Our de novo review of the Bureau's motion also indicates that summary judgment was not proper because Rock was within the zone of employment at the time she was injured.
Ohio's workers' compensation statute covers any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment * * *. R.C. 4123.01(C). In MTD Products, Inc. v. Robatin (1991), 61 Ohio St.3d 66, syllabus, the Ohio Supreme Court held, as follows:
 As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist.
The Supreme Court further stated that the general rule, however, does not operate as a complete bar to an employee who is injured commuting to and from work if the injury occurs within the zone of employment. Id. at 68. The zone of employment is the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under the control of the employer. Marlow v. Goodyear Tire Rubber Co. (1967), 10 Ohio St.2d 18, quoting Merz v. Industrial Commission (1938),134 Ohio St. 36, 39.
This court in Johnston v. Case Western Reserve University (July 26, 2001), Cuyahoga App. No. 77852, unreported, recently reaffirmed the principle that when the employee is injured within the zone of employment, this operates as an exception to the coming and going rule. In that case, we held that the zone of employment exception did not apply because the injury occurred on a public sidewalk, which was not under the employer's control.
The facts in the instant case are undisputed that Rock slipped on the ice in her employer's parking lot as she was making her way to punch her time card, after returning from a personal errand. The Bureau agrees that this parking lot was owned by the employer. (Motion for Summary Judgment at 5). Therefore, Rock was clearly within the zone of employment when she sustained her injury.
Although the Bureau argues that there must be some type of benefit to the employer by the employee's action, we do not read MTD as requiring this when the employee is within the zone of employment. MTD simply states that the causal connection is established when the injury is within the zone of employment. MTD, supra at 68. Whether the employer benefited from the employee's presence at the scene is one of the considerations in applying the totality of the circumstances exception to the coming and going rule. Id. at 70.
Nonetheless, it is undisputed that Rock fell while traversing the employer's parking lot in order to punch the time clock. The punching of the time clock surely benefited the employer because it aids in keeping track of the time each employee actually worked.
For the reasons discussed above, summary judgment was improperly granted. Rock's sole assignment of error is therefore sustained.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees her costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., CONCURS; MICHAEL J. CORRIGAN, P.J., DISSENTS WITH SEPARATE DISSENTING OPINION.