DECISION AND JUDGMENT ENTRY
This accelerated appeal comes to us from a summary judgment issued by the Lucas County Court of Common Pleas in a case which denied appellant's workers' compensation claim. Because we conclude that appellant was within the zone of employment when she fell, we reverse.
In deposition, appellant, Jetta F. Packer, testified that since 1973 she was employed at a grocery store owned and operated by appellee, The Kroger Company. On January 5, 2000, appellant clocked out at the end of her shift. She used the restroom and then picked up two gallons of milk from the dairy department which is right next to the restroom. Appellant paid for the milk at the check-out at the front of the store. She then went to the employee closet, also located at the front of the store, and picked up her coat. Appellant left the store and walked down the sidewalk to the end of the building to the designated employee parking area. While walking down the ramp at the end of the sidewalk, appellant fell and injured herself. A passing customer and another employee who was on a smoking break and standing nearby came to her assistance. Shortly thereafter, a "bagger" from the store was sent to salt the ramp where appellant fell. Appellant filed a claim with the Bureau of Workers' Compensation ("BWC") which was denied. She appealed the administrative ruling to the Lucas County Court of Common Pleas which then granted summary judgment in favor of appellee employer.
Appellant now appeals, setting forth the following two assignments of error:
 "The Trial Court erred when it granted Employer-Appellee's Motion for Summary Judgment.
 "The Trial Court erred when it denied Plaintiff-Appellant's Motion for Summary Judgment."
We will address appellant's two assignments together. Appellant argues that the trial court erred in its determination that her injury did not arise out of her employment. We agree.
The standard of review of a motion for summary judgment is the same for both a trial court and an appellate court. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. Civ.R. 56(C) states in pertinent part:
 "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"
For the purposes of a BWC claim, a workplace "injury" is any injury "received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). Therefore, to determine whether an employee may participate in the BWC fund, the evidence must demonstrate "the causal connection between the injury and the activities, conditions, and environment of employment." MTD Prods., Inc. v. Robatin
(1991), 61 Ohio St.3d 66, 68.
As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the BWC fund because the requisite causal connection between the injury and the employment does not exist. MTDProducts, supra, citing Bralley v. Daugherty (1980), 61 Ohio St.2d 302. Nevertheless, an exception to this rule provides that a causal connection exists if an employee is injured while within the "zone of employment."MTD Products, supra at 68. The zone of employment is "`the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under the control of the employer.'" Marlowv. Goodyear Tire Rubber Co. (1967), 10 Ohio St.2d 18, 22, quoting Merzv. Industrial Commission (1938), 134 Ohio St. 36, 39.
Whether or not the employee's injuries are suffered in the "zone of employment" depends on the specific facts and circumstances of each case. Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 280; Custard v.First Natl. Bank (June 5, 1998), Sandusky App. No. S-97-058, unreported. A finding that the employer exercised control over the area in which the incident occurred is a significant factor in establishing whether the employee was within the "zone of employment." MTD Products, supra;Marlow, supra. We have previously determined that an employee who may have purchased a soft drink after clocking out but was injured prior to leaving the workplace was eligible to participate in the BWC fund. SeeFleming v. First Natl. Supermarkets (Dec. 23, 1994), Lucas App. no. L-94-047, unreported.
In this case, appellant clocked out of work, purchased milk and then left the store, walking to an area where she parked at her employer's request. She followed the same path that she would have used had she not purchased the milk. Both the ramp and the parking area were under the employer's control. The milk purchase was a minimal, if any, interruption in her normal after work routine of walking to the front of the store to get her coat and personal items before departure. In our view, such a minor deviation did not remove her from the "zone of employment." Consequently, we conclude that appellant was within the zone of employment when she fell and suffered her injury. Therefore, the trial court erred in granting summary judgment for appellees and in denying appellant's motion for summary judgment regarding her participation in the BWC fund.
The judgment of the Lucas County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision. Court costs of this appeal are assessed to appellees.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., and Richard W. Knepper, J. concur.