OPINION
{¶ 1} The plaintiff-appellant, Donna Tucker, appeals the October 11, 2002 judgment of the Common Pleas Court of Allen County, Ohio, granting summary judgment in favor of the defendants, Administrator of the Bureau of Workers' Compensation ("BWC") and Michael's Stores, Inc. ("Michaels").
 {¶ 2} The undisputed facts relevant to this appeal are as follows. On March 12, 2000, Tucker slipped on a patch of ice as she was stepping onto the sidewalk in front of her employer's place of business on her way into work. Tucker suffered a right shoulder sprain and a right rotator cuff tear as a result of this fall.[1] At the time of the accident, she was employed by Michael's, an arts and crafts retail store located in a shopping center, commonly referred to as a strip mall, in Lima, Ohio.
 {¶ 3} As a result of her injury, Tucker filed a claim with the Ohio Bureau of Workers' Compensation. The District Hearing Officer allowed the claim, which was affirmed by the Staff Hearing Officer. The Industrial Commission then refused further review. Thereafter, Tucker filed a complaint against Michael's and the BWC in the Common Pleas Court of Allen County, Ohio, on July 16, 2002, asserting that she was entitled to participate in the Workers' Compensation Fund ("the Fund"). Michael's filed its answer, requesting that Tucker not be allowed to participate in the Fund. However, the BWC filed its answer, admitting all allegations in Tucker's complaint and requesting that she be permitted to participate in the Fund. Michael's then filed a motion for summary judgment, which the trial court granted in favor of Michael's and the BWC on October 11, 2002. This appeal followed, and Tucker now asserts one assignment of error.
 {¶ 4} The trial court erred in granting summary judgment when the evidence indicated that Appellant, Donna Tucker, was injured in the course of and arising out of her employment when she slipped and fell on ice while reporting to work.
 {¶ 5} The standard for review of a grant of summary judgment is one of de novo review. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Thus, such a grant will be affirmed only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, "summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor." Id.
 {¶ 6} The moving party may make his motion for summary judgment in his favor "with or without supporting affidavits[.]" Civ.R. 56(B). However, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, syllabus. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmovant. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 360. Once the moving party demonstrates that he is entitled to summary judgment, the burden then shifts to the non-moving party to show why summary judgment in favor of the moving party should not be had. See Civ.R. 56(E). In fact, "[i]f he does not so respond, summary judgment, if appropriate, shall be entered against him." Id.
 {¶ 7} In the case sub judice, the parties do not dispute the relevant facts. Their controversy concerns whether Tucker's injuries entitle her to participate in the Fund given this set of facts. Thus, this Court need only determine whether Michael's was entitled to judgment as a matter of law.
 {¶ 8} The purpose of Ohio's workers' compensation system is to provide "compensation to [workers] and their dependents, for death, injuries, or occupational diseases, occasioned in the course of such [workers'] employment[.]" Section 35, Article II, Ohio Constitution; see, also, Ruddy v. Indus. Comm. (1950), 153 Ohio St. 475, paragraph one of the syllabus. However, the system does not make the employer "the absolute insurer of the employee's safety." Phelps v. Positive ActionTool Co. (1986), 26 Ohio St.3d 142, 144. Rather, the system is meant to protect employees against the potentially devastating consequences of work-related injuries. Id. To this end, workers' compensation legislation is to be "liberally construed in favor of employees and the dependents of deceased employees." R.C. 4123.95.
 {¶ 9} The Ohio Revised Code defines a workplace "injury" as any injury "received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). Therefore, inherent to the question of whether an employee is permitted to participate in the Fund is "the causal connection between the injury and the activities, conditions, and environment of employment." MTD Prods., Inc. v. Robatin
(1991), 61 Ohio St.3d 66, 68, citing Bralley v. Daugherty (1980),61 Ohio St.2d 302. The "coming and going" rule provides that an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Fund because the requisite causal connection between the injury and the employment does not exist. MTD Prods., supra, citing Bralley, supra.
 {¶ 10} The rationale supporting the "coming and going" rule is that "[t]he constitution and the statute, providing for compensation from a fund created by assessments upon the industry itself, contemplate only those hazards to be encountered by the employe[e] in the discharge of the duties of his employment, and do not embrace risks and hazards, such as those of travel to and from his place of actual employment over streets and highways, which are similarly encountered by the public generally."Ruckman v. Cubby Drilling, Inc. (1998), 81 Ohio St.3d 117, 119, quotingIndus. Comm. v. Baker (1933), 127 Ohio St. 345, paragraph four of the syllabus. That rule has a strict application, absent a demonstration by the claimant that some exception applies.
 {¶ 11} Ohio has recognized two exceptions to the strict coming and going rule: the "zone of employment" exception and the "special hazard" exception. MTD Prods., supra. The Ohio Supreme Court first recognized a "special hazard or risk" exception to the coming and going rule in 1983.Littlefield v. Pillsbury Co. (1983), 6 Ohio St.3d 389. Basically, where employment creates a "special hazard," an employee is entitled to workers' compensation benefits if he sustains injuries because of that hazard. MTD Prods., 61 Ohio St.3d at 68. While the Supreme Court of Ohio overruled its Littlefield decision in the MTD Products case, the Court inMTD Products adopted the Littlefield test for a "special hazard" determination: (1) "but for" the employment, the employee would not have been at the location where the injury occurred, and (2) the risk is distinctive in nature or quantitatively greater than the risk common to the public. MTD Prods., 61 Ohio St.3d at 69.
 {¶ 12} While Tucker is able to meet the first prong of the "special hazard" test for summary judgment purposes, her claim fails under the second prong. The risk to Tucker from which her injury resulted was no greater than the risk to the general public. A person shopping at the strip mall had as much risk of slipping on the iced sidewalk as did Tucker. Therefore, we cannot find that Tucker's injury was the result of a special hazard inherent to her employment at Michael's.
 {¶ 13} The zone of employment for purposes of the second exception is "`the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under control of the employer.'"Marlowe v. Goodyear Tire Rubber Co. (1967), 10 Ohio St.2d 18, quoting Merz v. Indus. Comm. (1938), 134 Ohio St. 36, 39; see, also, MTDProds., supra. A finding that the employer exercised control over the area in which the incident occurred is a significant factor in establishing whether the employee was within the "zone of employment."MTD Prods., supra; Marlowe, supra.
 {¶ 14} The Second District Court of Appeals has previously defined "control" for purposes of the zone of employment exception. See Jobe v.Conrad, 2nd Dist. No. 18459, 2001 WL 62516. In Jobe, the court found that "Black's Law Dictionary defines `control' as `[t]he direct or indirect power to direct the management and policies of a person or entity[.]'" Id., quoting Black's Law Dictionary (7Ed. 1999) 330. Thus, "`control' connotes not only an opportunity to correct the defect but also the responsibility to do so. Assuming that responsibility waives notice of the defect that civil liability requires, but the requirements for workers' compensation coverage does not." Jobe, supra. The court inJobe, further held that "[c]ontrol presumes an actual power, not the potential of obtaining it." Id. Therefore, the court refused to hold tenants of a shopping mall responsible for any of their employees who were injured anywhere on the mall premises. Id.
 {¶ 15} In the case sub judice, the trial court found that Tucker's injuries did not occur within the zone of employment. In making this determination, the court relied exclusively on Michael's lease with the owner of the shopping center. This lease stated that the landlord would keep the common areas, which included the sidewalks, clean and free from ice and snow. Thus, the trial court held that Michael's did not own, maintain, or otherwise have any control of the sidewalk where Tucker was injured. We disagree with the trial court's conclusion that the lease conclusively determines the issue of the zone of employment in this case.
 {¶ 16} Unlike the facts of Jobe, where the tenant-employer exercised no control over the area wherein its employee was injured, the evidence in this case reflects some control exerted by Michael's. Tucker testified during her deposition that she was instructed by both her first and second managers during her tenure at Michael's that the first person into the store was to salt the sidewalk. Tucker further testified that this was one of the first items she was taught, having started in the winter season. In addition, Tucker stated that this was also one of the first lessons that her second manager gave to Michael's employees when this manager began working there. The record is devoid of any evidence to the contrary.
 {¶ 17} For purposes of summary judgment, we are to construe the facts in a light most favorable to Tucker, the non-moving party. Thus, although Michael's may not have been contractually obligated to maintain the sidewalk in front of its store, if it assumed control over the sidewalk by salting it and instructing its employees to do so, then Tucker's injuries could be allowable as having occurred within the zone of employment. Therefore, a genuine issue of material fact exists as to whether Michael's had control of the sidewalk at the time of Tucker's injuries thus making the zone of employment exception applicable.
 {¶ 18} For these reasons, the assignment of error is sustained and the judgment of the Common Pleas Court of Allen County, Ohio, is reversed and the cause remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
BRYANT, P.J., and CUPP, J., concur.
[1] There is some discrepancy as to whether Tucker slipped on the sidewalk or the parking lot immediately in front of the sidewalk. However, both sides agree that throughout this phase of the litigation that Tucker has maintained that her injury occurred on the sidewalk. Thus, this discrepancy is immaterial.