**MORRIS, Plaintiff-Appellee, v. CLEVELAND (City), Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20010. Decided October 15, 1945.

216

W. F. Waldeisen, Cleveland, for plaintiff-appellee.
Lee Howley, Law Director, Cleveland, and C. L. Mollison, Asst., Cleveland, for defendant-appellant.

**OPINION**

By SKEEL, P. J.

This case comes to this court on questions of law from a judgment in favor of the plaintiff-appellee in the Common pleas court.

The plaintiff was an employee of the defendant. The place of his employment was in the Central Avenue Public Bath House located at 2526-8 Central Avenue. His work was that of an attendant, handy man or janitor, working under the direction of the superintendent of the building.

On Feb. 13, 1943, the plaintiff appellee started from his home, located at 4044 Case Avenue, to go to his place of employment. He drove west on Scovill Avenue to East 28th Street, then north on East 28th Street to Central Avenue and then west on Central Avenue to the location of the bath house. When he reached the bath house which is on the south side of Cen-

tral Avenue he was headed west on the north side of the street so he turned to the south side of the street and parked his car at the east end of the bath house. He arrived at this point at about 7:15 A. M., although his time for starting work was 8 o'clock A. M. In explanation of his early arrival he testified that some times he got to his job early "because * * * the work was put on me to do and in order to do that work I didn't want to have no kick about it and I went before that time (8:00 o'clock) in order to take advantage of my work."

From the evidence it is also established that the plaintiff performed many tasks during the day. In other words, he had few fixed duties and relied for the most part on receiving orders from the superintendent, as to what he should do from time to time. So that it is a fair deduction to be drawn from the evidence upon this subject that after he arrived at his place of employment he would require direction from the superintendent before he would know what to do.

The plaintiff upon parking his car at the easterly end of the bath house, started toward the westerly or women's entrance which was the only entrance that was open at that time in the morning. The sidewalk was covered with snow. When he got to a point on the public sidewalk about two feet from the private walk leading to the west entrance he slipped and fell and sustained certain injuries.

The sidewalk at the point where plaintiff appellee claims to have fallen, was in a bad state of repair. It is the claim of the plaintiff that such state of disrepair was not visible to him at the time because it was covered up with snow and that such dangerous condition of the sidewalk constitutes a nuisance which was the proximate cause of his injuries.

The city presents two defenses. First, that at the time of his injury, plaintiff was acting within the course and scope of his employment and therefore he should be compensated in the manner provided by law under the Workmen's Compensation Act. Second, that if at the time of the accident he had not yet reached the place of his employment then, because the plaintiff knew the dangerous condition of the sidewalk he was guilty of contributory negligence as a matter of law in failing to avoid such known danger.

Giving consideration to the first of these questions, it is necessary to determine whether or not under the facts it can be said that the plaintiff was at the time of his injury acting in the course and scope of his employment and whether

or not there was any causal connection between the injuries sustained and the plaintiff's employment either through its actions, its conditions or its environment.

It has long been the established law of the state that, except under certain unusual circumstances, an employee is not acting within the course and scope of his employment while going to and from his work.

**Ohio Jurisprudence, Vol. 42, page 632, parag. 53.**

**Congrad v Youghiogheny & Ohio Coal Co. 107 Oh St 387.**

In Ohio Jurisprudence, supra, three generally recognized exceptions to the general rule that an employee is not acting in the course and scope of his employment while going to and from work, are listed as follows:

"1. When an employer as an incident of the employment, provides the means of transportaton:

2. Where the way used is the sole, exclusive way of ingress and egress, or where the way of ingress or egress is constructed and maintained by the employer, and (3), where the employee is still charged while on his way to or after reaching his home, with some duty or task in connection with his employment."

To these exceptions a fourth is also generally recognized and that is "where the employment is continuous in the sense that the employee is subject to be called for active duty at any hour and injury is received while responding to such call."

The undisputed facts in the instant case do not bring it within any of the foregoing exceptions. The place where this plaintiff was injured was on the public sidewalk where all who wanted to use that side of Central Avenue must pass. The danger was not created in the operation of the bath house. The dangers to which plaintiff was exposed, on his way to work on the morning in question, were no different than to any other member of the public who might desire to pass that way.

The defendant contends that the holding of the supreme court in the case of **Industrial Commission v Barber, 117 Oh St 373,** is conclusive of the issues here presented. The facts in the Barber case are, however, easily distinguished from those here under consideration. Barber was killed on his way to work. At the time of the accident he was pursuing the only available course to reach his place of employment. His employer's place of business was at the end of a dead end street

which it maintained as a means of ingress and egress of its employees and others seeking to enter its establishment. No sidewalk was provided and both vehicular and pedestrian traffic used the same roadway which passed over the B & O Railroad Company right of way directly in front of the gateway leading into the employer's premises. The court, on page 380, stated the rule to be applied under these circumstances, as follows:

"* * * We think the hazards occasioned by the conditions and environments of the employment contemplated in the decision of this court in the **Weigandt** case (102. Oh St 1) comprehends hazards arising out of the conditions and environments of the industrial plant under the control of the employer, whether such hazards are remediable or not, as distinguished from the hazards common to the public; that where the conditions under the control of an industrial plant are such that the employe has no option but to pursue a given course with reference to such conditions and environments, the pursuance of such course is an implied obligation of the employe in his contract with such employer, and that when he, for the purpose of entering upon his employment, has entered into the sphere or zone controlled by his employer, and is pursuing a course with reference to which he has no option, he is then not only within the conditions and environments of the plant of his employer but is then in the course of his employment * * *."

In the case of **Fike v Goodyear Rubber Co. 56 Oh Ap 197** the plaintiff, an employee of the defendant, was on his way to work and was on the public highway having reached a point where he was about to step through the gate of his employer's premises when he claims to have been injured by the negligence of defendant in the operation of a tractor. The defendant, among other defenses, contended that the plaintiff was then within the zone of his employment and that his injuries were compensable under the Workmen's Compensation Act. In affirming a judgment for the plaintiff the Court of Appeals, after citing the Barber case, supra, on page 205, says:

"Great reliance is placed by the defendant upon the Barber case, in urging that this plaintiff, at the time of his injury was within the zone of control of the defendant company and hence wthin the course of his employment.

The record * * * fails to convince this court that East Market Street under the circumstances attendant at the time in question, was within the zone of control of the defendant company, as that term was used in the Barber case. That portion of the street where plaintiff was injured was a part of a public thoroughfare. Plaintiff's employment had a fixed status where his duties were performed. It was neither time nor had the plaintiff reached the place where he could enter the defendant's premises to perform the duties allocated to him. The environment, hazards and conditions encountered by the plaintiff as he walked along said public highway were no different or greater than were those of any other pedestrian walking thereon at the same time and place * * * * * * *. Morever, it was not a necessary incident of plaintiff's employment that he use said sidewalk in going from his home to his place of employment. It was optional with him, as it was with the pedestrian public using East Market Street, whether he would or would not pass said gate upon the sidewalk adjacent thereto, where he knew there were hazardous conditions and environments, which he, in common with the public, must encounter."

Industrial Commission v Heil, 123 Oh St 607, cited. See also:
Spellman v Industrial Commission 73 Oh Ap 369.
Ashbrook v Industrial Commission 136 Oh St 115.

It is clear, therefore, that under the facts in this case, the plaintiff had not reached his place of employment at the time he was injured so that such injuries did not arise out of, or in the course or scope of his employment.

We come now to the defendant's claim that the plaintiff was guilty of contributory negligence, as a matter of law, in going upon the part of the sidewalk that was defective. This claim of the defendant is based upon the fact, which is undisputed, that the plaintiff in carrying on his duties as an attendant, or janitor, for about nine years, had swept or cleaned snow from this sidewalk many times, and therefore knew of its broken condition, and in the exercise of ordinary care for his own safety could, and should have avoided the place of danger.

It must be remembered that the plaintiff claims that the sidewalk was covered with snow, so that the broken place could not be seen. Whether or not the plaintiff was negligent under the circumstances, was therefore a question of fact

which the trial court properly submitted to the jury. **Christian v City of Cincinnati 62 Oh Ap 528.**

The judgment of the court of common pleas is therefore affirmed.

MORGAN, J., concurs.

LIEGHLEY, J., dissents for the reason that in my opinion the injury is compensable through the Industrial Commission of Ohio.