MOFFITT, Appellant,

v.

OHIO BUREAU OF WORKERS' COMPENSATION et al., Appellees.

[Cite as *Moffitt v. Ohio Bur. of Workers' Comp.* (1991), 78 Ohio App.3d 48.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62048.

Decided Dec. 23, 1991.

*David A. Katz Co., L.P.A.,* and *Murray Richelson,* for appellant.

*Lee Fisher,* Attorney General, and *Q. Albert Corsi,* Assistant Attorney General, for appellees.

_____

*Per Curiam.*

Plaintiff-appellant Myron Moffitt filed an application for workers' compensation benefits as a result of injuries allegedly sustained in an automobile accident October 22, 1988 at the intersection of West 25th Street and Lorain Avenue. Appellant's claim was denied at all administrative levels deciding the matter on the grounds appellant's injury did not occur under R.C. 4123.01(C) "in the course of, and arising out of, [his] employment" as an armed security guard.

Appellant appealed to the court of common pleas from the decision of the regional board of review disallowing the claim after the Industrial Commission of Ohio declined further review. The parties stipulated the trial court could decide the matter upon their respective briefs.

Defendants-appellees Administrator, Bureau of Workers' Compensation, Industrial Commission of Ohio and appellant's employer Fox Detective Agency ("Fox") filed a joint motion for summary judgment supported by appellant's deposition testimony. Appellant filed a brief in opposition and cross-motion for summary judgment. The trial court subsequently entered summary judgment in favor of appellees.

Appellant timely appealed raising the following assignment of error:

"The trial court erred in finding that a security guard involved in a motor vehicle accident on his way home to secure his weapon was not in the scope of his employment as defined by R.C. 4123.01(C)."

Appellant's sole assignment of error is without merit.

The basic facts are undisputed. Appellant was employed on the date of the accident by Fox as a uniformed armed security guard. Appellant had been assigned by Fox to perform security duties at a state liquor store near West 25th Street and Lorain Avenue each business day for approximately one month prior to the accident.

Appellant reported directly to the liquor store when it opened at 10:00 a.m. during this assignment to perform security duties inside the store. The liquor store closed at 6:00 p.m. and appellant would stay until as late as 6:15 p.m. when the manager left after counting the daily receipts.

The liquor store manager permitted appellant to leave immediately when the store closed at 6:00 p.m. on the day of the accident. Appellant was involved in an automobile accident on his drive home from work at the

intersection of West 25th Street and Lorain Avenue approximately five minutes after leaving the liquor store. Appellant continued to drive his automobile to his residence in Cleveland Heights after receiving a citation at the scene from the police. Appellant went to a hospital emergency room later that evening claiming injuries from the accident.

Appellant argues his injuries occurred in the course of and arising out of his employment since Fox instructed armed guards to go directly home after work to secure their weapons and change out of their uniforms. Appellant also testified Cleveland Safety Department rules do not permit guards to carry weapons in public except on the way to and from work, although appellant never produced a copy of these rules in the trial court; therefore, they are not part of the record on appeal.

The Ohio Supreme Court rejected a similar argument by a uniformed police officer that his injury in an automobile accident arose in the course of employment when the accident occurred while driving in his automobile to report for regularly assigned duties at the police station. *Simerlink v. Young* (1961), 172 Ohio St. 427, 17 O.O.2d 376, 178 N.E.2d 168. The court held, despite a department rule making police officers subject to duty twenty-four hours a day, as follows:

" 'Ordinarily, an employee who has a fixed and limited working place is not to be regarded as within the course or scope of his employment while traveling between his home or place of abode and such working place, within the meaning and operation of the compensation act.' " (Citations omitted.) *Id.* at 429, 17 O.O.2d at 377, 178 N.E.2d at 169.

The court recognized the same principles apply in the context of driving home after work, stating as follows:

" 'The Constitution and the statute, providing for compensation from a fund created by assessments upon the industry itself, contemplate only those hazards to be encountered in the discharge of the duties of his employment, and *do not embrace risks and hazards, such as those of travel to and from his place of actual employment over streets and highways, which are similarly encountered by the public generally.*' " (Emphasis added.) *Id.,* quoting *Indus. Comm. v. Baker* (1933), 127 Ohio St. 345, 188 N.E. 560, paragraph four of the syllabus.

These principles denying compensation for accidents sustained while traveling to or from an employee's fixed site of employment have come to be known collectively as the "coming and going rule."

To avoid the result of *Simerlink,* appellant argues the "special hazard" exception to the "coming and going rule" applies and contends appellant

never left the "zone of employment" prior to the accident so that a sufficient causal connection exists between his injury and employment. The Ohio Supreme Court comprehensively analyzed the compensability of injuries from automobile accidents in connection with these claims in *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 572 N.E.2d 661.

The Supreme Court recognized the "special hazard" exception applies to permit recovery only when the following conditions are satisfied: (1) "but for" the employment, the employee would not have been at the location where the injury occurred, and (2) the risk is destructive in nature or quantitatively greater than the risk common to the public. *Id.* at 68, 572 N.E.2d at 663.

Appellant, as the claimant in *MTD Products*, has failed to demonstrate the risk of injury he faced from driving was greater than that faced by the general public. *Id.* at 69, 572 N.E.2d at 664. Appellant offered no testimony that driving in his uniform with a handgun contributed in any way to the accident.

■ This court has recognized an employer has no duty to "grant safe passage from work to home" when applying these principles to reject a similar claim by an employee injured on a public road near the plant entrance shortly after leaving work for the day. *Bussey v. LTV Steel Co.* (1989), 62 Ohio App.3d 573, 577 N.E.2d 96.

■ Appellant's argument the injury occurred in the "zone of employment" or that there is otherwise a sufficient causal connection between his injuries and employment to warrant compensation is likewise without merit. There is no dispute appellant left the liquor store premises where he was required to perform security duties exclusively inside the store and was driving home at the end of the work day.

Appellant has failed to demonstrate any causal connection between his injury and the activities, conditions and environment of employment to fall within the zone of his employment. *MTD Products, supra,* 61 Ohio St.3d at 69, 572 N.E.2d at 664, citing *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 15 O.O.3d 359, 401 N.E.2d 448. There is no evidence appellant's employer required appellant to drive his personal automobile to or from work to transport his gun or uniform home. Appellant drove his own vehicle rather than taking some other form of transportation for his own convenience and driving home is a personal activity not involving the performance of any duty to the employer. In fact, appellant testified he is now employed by a different security firm and takes public transportation.

■ Finally, appellant has likewise failed to demonstrate any causal connection between his injury and employment under the circumstances. The "totality of circumstances" test requires demonstrating all of the following elements: (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident. *Id.,* 61 Ohio St.3d at 70, 572 N.E.2d at 665, citing *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d 1271, 1274, and *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96.

The record demonstrates that although the accident apparently occurred near appellant's place of employment as in *MTD Products,* the remaining two elements are not satisfied and the claim must therefore be denied. Appellant has not alleged or testified Fox or the liquor store exercised control over the public street and intersection where the accident occurred. Appellant's claim his employer received a benefit from appellant's presence in his personal automobile at the accident scene since appellant was transporting his weapon and uniform home is without merit. The evidence demonstrates the accident was merely coincidental to his employment activities and place of employment.

Accordingly, appellant's sole assignment of error is without merit and overruled.

*Judgment affirmed.*

KRUPANSKY, C.J., MATIA and ANN MCMANAMON, JJ., concur.