WEISS, Appellant,

v.

UNIVERSITY HOSPITALS OF CLEVELAND et al., Appellees.

[Cite as *Weiss v. Univ. Hosp. of Cleveland* (2000), 137 Ohio App.3d 425.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77175.

Decided May 1, 2000.

426

*Cornrich & Cornrich Co., L.P.A., Robert S. Gurwin* and *Burton A. Katz,* for appellant.

*Rademaker, Matty, McClelland & Greve, Christopher J. Klym* and *Robert C. McClelland,* for appellee University Hospitals of Cleveland.

*Betty Montgomery,* Attorney General, and *Mary Ann Rini,* Assistant Attorney General, for appellee Administrator of Workers' Compensation.

———

TIMOTHY E. McMONAGLE, Presiding Judge.

Plaintiff-appellant, Barbara Weiss, appeals the judgment of the Cuyahoga County Court of Common Pleas granting the motion for summary judgment of defendant-appellee, University Hospitals of Cleveland, and dismissing appellant's cross-motion for summary judgment. For the reasons that follow, we affirm.

On July 21, 1998, appellant filed an application for workers' compensation benefits as a result of injuries sustained on June 22, 1998, when appellant tripped and fell as she stepped up onto a curb while on her way to work. The Industrial Commission of Ohio denied appellant's application, finding that she "did not sustain an injury in the course of and arising out of employment" because her "injuries occurred on a public road, not under the control of the employer."

On December 24, 1998, appellant appealed from the decision of the Industrial Commission to the court of common pleas. The parties stipulated to the following facts:

"On June 22, 1998, plaintiff-appellant Weiss was employed by defendant-appellee, University Hospitals of Cleveland (hereinafter UH), in the pre-admission testing department. On that day, Weiss was reporting for work at UH. Weiss was scheduled to work from 8:30 a.m. until 5:00 p.m.

"After parking her car in UCI Lot No. 61, Weiss began walking toward the Bolwell entrance of the hospital when she fell and sustained an injury. Specifi-

cally, at approximately 8:20 a.m., Weiss was crossing Cornell Road via the crosswalk. The curb at the end of the crosswalk was unusually high because the area was under construction by the City of Cleveland and being prepared for blacktop. As Weiss stepped up onto the curb, she slipped and fell on her left knee.

"Cornell Road is a public roadway which is maintained by the City of Cleveland. The area is open to the general public. The crosswalk on which the incident occurred is a direct route between UCI Lot No. 61 where Weiss parked and the Bolwell entrance to UH.

"Weiss was assigned to park in Lot No. 61 by University Circle, Inc. Lot No. 61 is owned by UH, but operated and managed by University Circle, Inc. University Circle, Inc., a separate and distinct entity from UH, is a not-for-profit corporation that provides parking services, shuttle bus services, and other transportation-related services to its member institutions. UH is one of the forty-three (43) members of University Circle, Inc.

"Since UH does not maintain its own employee parking facilities, Weiss or any other employee of UH who needs parking privileges is assigned to a specific lot pursuant to the arrangement between UH and University Circle, Inc. This agreement between UH and University Circle, Inc. allows Weiss to pay for this parking via a deduction from her paycheck. Employees are also able to pay for parking by cash in advance. Weiss's employment does not require her to use the parking services of University Circle, Inc. However, employees who need parking privileges utilize the UCI lots under the aforesaid arrangement."

Both parties filed motions for summary judgment with the trial court on the stipulated facts quoted above. On October 6, 1999, the trial court granted appellee's motion for summary judgment and denied appellant's cross-motion for summary judgment, finding that appellant was not entitled to receive benefits from the workers' compensation fund.

Appellant timely appealed, asserting two assignments of error for review. Because appellant's assignments of error raise similar issues of law and fact, we will consider them together.

"I. The trial court erred in granting defendant–appellee's motion for summary judgment.

"II. The trial court erred in dismissing plaintiff–appellant's cross–motion for summary judgment."

In her assignments of error, appellant challenges the trial court's judgment granting summary judgment in favor of appellee and denying her cross-motion for summary judgment.

Summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, 203–204; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274. To obtain a summary judgment under Civ.R. 56(C), the moving party bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record that support the requested judgment. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 430, 674 N.E.2d 1164, 1171. If the moving party discharges this initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. *Id.* See, also, *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798. We review the trial court's judgment *de novo* and use the same standard that the trial court applies under Civ.R. 56(C). See *Renner v. Derin Acquisition Corp.* (1996), 111 Ohio App.3d 326, 333, 676 N.E.2d 151, 155–156; *N. Coast Cable L.P. v. Hanneman* (1994), 98 Ohio App.3d 434, 440, 648 N.E.2d 875, 878–879.

Ohio's workers' compensation statute covers "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). The test of the right to participate in the workers' compensation fund is not whether there was any fault or neglect on the part of the employer or his employees, but whether there is a "causal connection" between an employee's injury and his or her employment, either through the activities, the conditions or the environment of the employment. *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 68, 572 N.E.2d 661, 663–664, citing *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 15 O.O.3d 359, 401 N.E.2d 448.

As a general rule, an employee with a fixed place of employment who is injured while traveling to or from his or her place of employment is not entitled to participate in the Workers' Compensation Fund, because the requisite causal connection between the injury and the employment does not exist. *Id.*

There are several exceptions to the general rule, however. The general rule does not operate as a complete bar to an employee who is injured commuting to and from work if: (1) the injury occurs within the "zone of employment," *MTD Products, supra*, 61 Ohio St.3d at 69, 572 N.E.2d at 664–665, citing *Bralley v. Daugherty* (1980) 61 Ohio St.2d 302, 15 O.O.3d 359, 401 N.E.2d 448; (2) the employment creates a "special hazard," *id.*, citing *Littlefield v. Pillsbury Co.* (1983) 6 Ohio St.3d 389, 6 OBR 439, 453 N.E.2d 570; or (3) there is a causal

connection between the employee's injury and employment based on the "totality of the circumstances" surrounding the accident. *Id.* at 70, 572 N.E.2d at 664–665, citing *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d 1271, 1273–1274; *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, at syllabus; *Moffitt v. Ohio Bur. of Workers' Comp.* (1991), 78 Ohio App.3d 48, 52, 603 N.E.2d 1110, 1112–1113. Appellant contends that the trial court erred in granting appellee's motion for summary judgment and denying her cross-motion for summary judgment because the circumstances surrounding her injury satisfy all of the aforementioned exceptions. We disagree.

In *Morris v. Cleveland* (1945), 44 Ohio Law Abs. 215, 64 N.E.2d 134, this court held that an employee may be entitled to compensation from the workers' compensation fund, even if the employee is not on the employer's premises, if the employee is injured in a sphere or zone over which the employer has control. This court also noted that the control element can be satisfied if, because of conditions created by the employer in the zone of employment, the employee has no choice as to how to travel to his or her employment:

" '[W]here the conditions under the control of [the employer] are such that the employee has no option but to pursue a given course with reference to such conditions and environments, the pursuance of such course is an implied obligation of the employee in his contract with such employer, and when he, for the purpose of entering upon his employment, has entered into the sphere or zone controlled by his employer, and is pursuing a course with reference to which he has no option, he is then * * * in the course of his employment.' " *Id.* at 219, 64 N.E.2d at 137, quoting *Indus. Comm. v. Barber* (1927), 117 Ohio St. 373, 381, 159 N.E. 363, 365.

Appellant contends that she was injured in the zone of employment because she had no choice as to how she traveled to and from her job. Appellant argues that she was assigned to park in Lot 61. She also argues that appellee was in control of the hazardous condition that led to her injury because it was aware that Cornell Road was under construction and warned employees in its employee newsletter to use caution when crossing the street. Appellant contends that because appellee did not reassign employees to different parking lots during the construction, it controlled the conditions that led to her injury. We disagree.

First, the evidence does not support appellant's argument that she had no choice but to park in Lot 61 and walk in the crosswalk over Cornell Road to reach her place of employment. The parties stipulated that appellant's employment with appellee does not require her to use the parking services of University Circle, Inc.

Moreover, appellee did not have control over the area where appellant was injured. As the parties stipulated, appellant was injured when she stepped up onto the curb after using the crosswalk on Cornell Road, "a public roadway maintained by the City of Cleveland" and "open to the general public." As the parties further stipulated, the area where appellant was injured was "under construction by the City of Cleveland." Thus, the city of Cleveland, not appellee, controlled the area where appellant was injured. The fact that appellee warned its employees to use extra caution when using the crosswalk because Cornell Road was being renovated is not evidence of appellee's control of the area.

Similarly, the fact that appellee did not reassign employees to other parking lots during the construction is not evidence of appellee's control of the conditions that led to appellant's injury. Although appellee owns the property on which Lot No. 61 is located, it does not operate or manage the lot. Moreover, University Circle, Inc.—not appellee—assigned appellant to Lot No. 61. Thus, any reassignment would have been done by University Circle, not appellee.

On these facts, we find that appellant was not in the zone of employment when she was injured and, accordingly, her claim is not compensable under the zone-of-employment exception to the general rule.

Nor is her claim compensable under the special hazard exception to the general rule. The special-hazard exception applies where (1) but for the employment, the employee would not have been at the location where the injury occurred and (2) the risk is distinctive in nature or quantitatively greater than the risk common to the public. *MTD Products, supra,* 61 Ohio St.3d at 68, 572 N.E.2d at 663–664; *Littlefield,* 6 Ohio St.3d 389, 6 OBR 439, 453 N.E.2d 570 at syllabus.

The first prong of the test is not in dispute: but for appellant's employment she would not have been at the location where the injury occurred. The second prong of the test, however, is not met in this case. The risk appellant faced in using the crosswalk on Cornell Road and stepping up onto the curb was neither "distinctive in nature" nor "quantitatively greater" than the risk common to the public. Every person using the Cornell Road crosswalk and stepping up onto the curb faced the same risk of slipping and falling that appellant did. See *Vincent v. Admin. of Workers' Comp.* (May 27, 1999), Cuyahoga App. No. 75414, unreported, 1999 WL 342219 ("The risk of the appellant falling in a public crosswalk was not a 'special hazard' created by the appellee, but rather was the identical risk as would face any pedestrian choosing to cross Cornell Road at the location where this incident occurred"). Therefore, appellee did not create a special hazard entitling appellant to workers' compensation benefits for her injuries.

Finally, appellant has failed to demonstrate any causal connection between her injury and employment under the totality-of-the-circumstances test. Three factors are relevant under this test: (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident. *MTD Products, supra,* 61 Ohio St.3d at 70, 572 N.E.2d at 664–665, citing *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d 1271, 1273–1274; *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, at syllabus.

While we agree that the accident occurred near appellant's place of employment, we do not agree that the second and third prongs of the totality-of-the-circumstances test are met. As discussed above, appellee did not have control over the scene of the accident: it did not control the public street or curb where appellant fell. Furthermore, "an employee arriving to begin [her] day's work is not yet performing any service for the benefit of [her] employer." *MTD Products, supra,* 61 Ohio St.3d at 70, 572 N.E.2d at 665. Therefore, under the totality of the circumstances, we find no causal connection between appellant's injury and her employment.

Because there is no genuine issue of material fact that appellant is not entitled to benefits from the workers' compensation fund, the trial court properly granted appellee's motion for summary judgment and denied appellant's cross-motion for summary judgment.

Appellant's first and second assignments of error are overruled.

*Judgment affirmed.*

Spellacy and Michael J. Corrigan, JJ., concur.