JOHNSTON et al., Appellants,

v.

CASE WESTERN RESERVE UNIVERSITY et al., Appellees.

[Cite as *Johnston v. Case W. Res. Univ.* (2001), 145 Ohio App.3d 77.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77852.

Decided Aug. 6, 2001.

78

*John P. Malone, Jr.,* for appellants.

*Taft, Stettinius & Hollister, LLP, Joel A. Makee, Thomas J. Lee* and *Jennifer E. Redman,* for appellee Case Western Reserve University.

*Betty A. Montgomery,* Attorney General, and *James P. Mancino,* Assistant Attorney General, for appellee Bureau of Workers' Compensation.

TIMOTHY E. MCMONAGLE, Presiding Judge.

Plaintiff-appellant, Douglas W. Johnston, appeals the judgment of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Case Western Reserve University ("CWRU"). The effect of the trial court judgment was to affirm the decision of the Industrial Commission of Ohio denying appellant's claim for workers' compensation benefits for the tragic death of his wife, Martha Johnston ("decedent"), on October 8, 1992.

At the time of the accident, decedent was an employee of appellee's Division of Clinical Pharmacology, working as an administrative assistant to two physicians. Decedent's duties were clerical in nature. Decedent's responsibilities did not require her to drive a car to work. In the event that decedent needed to run an errand for her employer, a free shuttle bus operated by University Circle, Inc. ("UCI") was available every fifteen minutes. Decedent elected, however, to drive her car to work every day and chose to park her car in Lot 53, a parking garage located at the intersection of Adelbert Road and Circle Drive.

Lot 53 is owned by the Ohio Higher Educational Facility Commission, which leases the garage to CWRU. CWRU in turn subleases the lot to University Circle, Inc. ("UCI"), a not-for-profit corporation that provides parking facilities, shuttle bus services, and other transportation-related services to its member institutions. As a member institution, CWRU contracts with UCI to provide parking to its employees, students, and visitors. UCI manages, operates, and controls Lot 53. Decedent obtained a parking permit for Lot 53 from UCI, and CWRU arranged for a deduction from decedent's paycheck to pay for the parking spot.

On the day of the accident, decedent left her office at Lakeside Hospital at approximately 5:00 p.m.—as she did each day—and walked toward Lot No. 53. From there, she planned to drive to her parents' home for a family dinner. As decedent walked south on a sidewalk adjacent to Adelbert Road, one of several routes that can be used to access Lot 53 from Lakeside Hospital, she was struck by a pickup truck traveling west on Circle Drive. The pickup truck jumped the curb, hit a utility pole, and then struck decedent, dragging her body as it crashed through a fence on CWRU property. Decedent was pronounced dead at Mt. Sinai Medical Center shortly thereafter.

On July 9, 1993, appellant filed an application for workers' compensation benefits, alleging that his wife's injuries had occurred in the course of, and arising out of, her employment with CWRU. The claim was initially allowed, but, upon the employer's appeal, was disallowed by the Industrial Commission of Ohio. Thereafter, appellant appealed the decision of the Industrial Commission to the court of common pleas.

Both parties filed motions for summary judgment in the trial court. The trial court subsequently granted CWRU's motion and denied appellant's cross-motion for summary judgment, finding that decedent was not entitled to participate for benefits in the Workers' Compensation Fund.

Appellant appealed, raising five assignments of error, all of which assert that the trial court, for various reasons, erred in granting appellee's motion for summary judgment. Appellant's arguments are without merit.

Summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, 203–204; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274. To obtain a summary judgment under Civ.R. 56(C), the moving party bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record which support the requested judgment. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 430, 674 N.E.2d 1164, 1171–1172. If the moving party discharges this initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. *Id.* See, also, *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798. We review the trial court's judgment de novo and use the same standard that the trial court applies under Civ.R. 56(C). See *Renner v. Derin Acquisition Corp.* (1996), 111 Ohio App.3d 326, 333, 676 N.E.2d 151, 155–156; *N. Coast Cable L.P. v. Hanneman* (1994), 98 Ohio App.3d 434, 440, 648 N.E.2d 875, 878–879.

■ Ohio's workers' compensation statute covers "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). The test of the right to participate in the Workers' Compensation Fund is not whether there was any fault or neglect on the part of the employer or his employees, but whether there is a "causal connection" between an employee's injury and his or her employment, either through the activities, the conditions, or the environment of the employment. *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 68, 572 N.E.2d 661, 663–664, citing *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 15 O.O.3d 359, 401 N.E.2d 448.

Ohio courts have long adhered to the coming and going rule, which provides that an employee with a fixed place of employment, who is injured while traveling to or from his or her place of employment, is not entitled to participate in the Workers' Compensation Fund. *Id.* The rationale supporting the "coming and going" rule is:

■ " 'The constitution and the statute, providing for compensation from a fund created by assessments upon the industry itself, contemplate only those hazards to be encountered by the employee in the discharge of the duties of his employment, and do not embrace risks and hazards, such as those of travel to and from his place of actual employment over streets and highways, which are similarly encountered by the public generally.' " *Ruckman v. Cubby Drilling, Inc.* (1998), 81 Ohio St.3d 117, 689 N.E.2d 917, quoting *Indus. Comm. v. Baker* (1933), 127 Ohio St. 345, 188 N.E. 560, paragraph four of the syllabus.

■ Ohio has recognized three exceptions to the "coming and going" rule. The general rule does not operate as a bar to an employee who is injured commuting to and from work where (1) the injury occurs within the "zone of employment," *MTD Products, supra,* at 69, 572 N.E.2d at 664; (2) the employment creates a "special hazard," *id.,* citing *Littlefield v. Pillsbury Co.* (1983), 6 Ohio St.3d 389, 6 OBR 439, 453 N.E.2d 570; or (3) there is a causal connection between the employee's injury and employment based on the "totality of circumstances" surrounding the accident.[1] *MTD Products, supra,* at 70, 572 N.E.2d at 664–665, citing *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d

---

1. Contrary to appellee's argument, an employee injured off an employer's premises, but in the zone of employment, need not also show that a "special hazard" contributed to his or her injury in order to qualify for workers' compensation benefits. See *Weiss v. Univ. Hosp. of Cleveland* (2000), 137 Ohio App.3d 425, 738 N.E.2d 884; *Meszaros v. Legal News Publishing Co.* (2000), 138 Ohio App.3d 645, 742 N.E.2d 158. This proposition of law does not affect the outcome of this case, however, because decedent was not in the zone of employment when she was injured, nor did her employment create a special hazard entitling her to workers' compensation benefits.

1271; *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 423 N.E.2d 96, at syllabus; *Moffitt v. Ohio Bur. of Workers' Comp.* (1991), 78 Ohio App.3d 48, 52, 603 N.E.2d 1110. None of these exceptions, however, applies to this case.

First, decedent was not in the "zone of employment" when she was injured. The "zone of employment" is " 'the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under control of the employer.' " *Marlow v. Goodyear Tire & Rubber Co.* (1967), 10 Ohio St.2d 18, 39 O.O.2d 11, 225 N.E.2d 241, quoting *Merz v. Indus. Comm.* (1938), 134 Ohio St. 36, 39, 11 O.O. 414, 415, 15 N.E.2d 632, 633; see, also, *MTD Products, supra,* at 69, 572 N.E.2d at 664.

In *Morris v. Cleveland* (1945), 44 Ohio Law Abs. 215, 64 N.E.2d 134, this court found that the control element can be satisfied if, because of conditions created by the employer in the "zone of employment," the employee has no choice as to how to travel to his or her employment:

"[W]here the conditions under the control of [the employer] are such that the employee has no option but to pursue a given course with reference to such conditions and environments, the pursuance of such course is an implied obligation of the employee in his contract with such employer, and * * * when he, for the purpose of entering upon his employment, has entered into the sphere or zone controlled by his employer, and is pursuing a course with reference to which he has no option, he is then * * * in the course of his employment." *Id.*

Here, the evidence is clear that decedent's injuries occurred after working hours when she was struck by an out-of-control vehicle as she walked on a public sidewalk, along a public road, toward the facility where she chose to park her car. The evidence is similarly clear that CWRU did not have control over the public sidewalk, which is owned and maintained by the city of Cleveland, where decedent was injured.[2] Finally, the evidence is clear that decedent's employment did not require her to drive her car to work, utilize the parking services of UCI, or park in Lot 53, but that decedent chose to do so. Accordingly, because CWRU did not have control over the public area where decedent was injured and decedent had a choice as to how to travel to and from work, she was not in the zone of employment when she was injured.

---

**2.** Appellant concedes that decedent was struck by the pickup truck as she walked on a public sidewalk but argues that decedent's injuries occurred on property controlled by CWRU because she was dragged nearly thirty feet to the entrance drive of UCI Lot 53 after she was struck by the pickup truck. Appellant's argument fails, however, because CWRU does not own, operate, or control Lot 53; UCI does. Moreover, we reject appellant's argument that an employee who is struck by a vehicle while walking on a public sidewalk adjacent to a public road can be literally dragged back into the zone of her employment for purposes of workers' compensation.

This court recently analyzed the "coming and going" rule in *Weiss v. Univ. Hosp. of Cleveland* (2000), 137 Ohio App.3d 425, 738 N.E.2d 884, in which we concluded on virtually identical facts that the plaintiff was not injured in the zone of employment and, therefore, not entitled to compensation for her injuries.

In *Weiss*, the plaintiff obtained a parking permit from UCI and was assigned a parking space in Lot 61—a parking lot owned by University Hospitals but operated by UCI—despite the fact that her employment did not require her to use UCI parking facilities. Pursuant to an agreement between University Hospitals and UCI, the cost of the permit was deducted from the plaintiff's paycheck.

The plaintiff's injury occurred one morning as she was en route to her office. The plaintiff parked her car in Lot 61, walked across Cornell Road toward the entrance of the hospital, and slipped and fell as she stepped up onto the curb. At the time of her injury, Cornell Road was under construction by the city of Cleveland, and University Hospitals had warned its employees to exercise caution when crossing Cornell Road during the construction. This court concluded that plaintiff was not within the zone of her employment when she was injured, however, because (1) her employment did not require her to utilize UCI's parking service, (2) she was not required to park in Lot 61, and (3) she was injured on a public roadway and sidewalk that were maintained and controlled by the city of Cleveland—not by the employer.

The facts of this case and *Weiss* are virtually indistinguishable. Decedent's employment did not require her to drive her car to work or to utilize UCI's parking services. She obtained a parking permit from UCI and chose to park in Lot 53, which is neither owned nor operated by appellee. Her injuries occurred as she walked toward Lot 53 on a public sidewalk owned and maintained by the city of Cleveland. In short, decedent—like the plaintiff in *Weiss*—was not in the zone of employment when she was injured.

Nor did decedent's employment create a "special hazard" entitling her to workers' compensation for her injuries. The "special hazard" exception applies where (1) "but for" the employment, the employee would not have been at the location where the injury occurred and (2) the risk is distinctive in nature or quantitatively greater than the risk common to the public. *Weiss, supra,* at 432, 738 N.E.2d at 889, citing *MTD Products, supra,* at 68, 572 N.E.2d at 663–664; *Littlefield, supra,* at syllabus.

Although decedent meets the first prong of the "special hazard" test, *i.e.,* "but for" her employment she would not have been walking on the sidewalk toward Lot 53, her claim fails under the second prong of the test. The risk to decedent from which her injury resulted was no different or greater than the risk to the

general public. Every person using the sidewalk faced the same risk of being struck and injured by an out-of-control pickup truck as decedent did. Decedent's injuries, therefore, were not the result of a special hazard inherent in her employment with CWRU.

Finally, appellant failed to demonstrate any causal connection between decedent's injury and employment under the "totality of circumstances" test. Three factors are relevant under this test: (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident. *MTD Products, supra,* at 70, 572 N.E.2d at 664–665, citing *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d 1271, 1273–1274; *Lord, supra,* at syllabus.

Although the accident arguably occurred proximate to decedent's place of employment, CWRU did not exercise any control over the public sidewalk on which decedent was injured. Moreover, CWRU did not gain any particular benefit by decedent's presence on the sidewalk at the time of the accident. Accordingly, decedent fails to meet the second and third prongs of the "totality of circumstances" test.

Because there is no genuine issue of material fact that decedent was not entitled to benefits from the Workers' Compensation Fund, the trial court properly granted CWRU's motion for summary judgment and denied appellant's cross-motion for summary judgment. Therefore, appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

KENNETH A. ROCCO, J., concurs.

FRANK D. CELEBREZZE, JR., J., dissents.

FRANK D. CELEBREZZE, JR., Judge, dissenting.

I respectfully dissent from the decision of the majority because I disagree with the conclusion that appellant is not entitled to workers' compensation benefits.

Whether appellant is entitled to participate in the Workers' Compensation Fund is solely dependent on whether Martha Johnston was within the "zone of employment" when she was injured. In *Fogaras v. Univ. Hosp. of Cleveland* (1998), 129 Ohio App.3d 653, 718 N.E.2d 974, Virginia Fogaras, an employee of University Hospitals, was injured while using the pedestrian walkway adjacent to the Cornell parking garage. That parking garage is also owned and operated by University Circle, Inc. In *Fogaras,* this court concluded that Fogaras was

entitled to workers' compensation benefits because she was in the zone of her employment when her injuries occurred as a matter of law.

In the instant case, Martha Johnston was injured while walking on a sidewalk next to Adelbert Road en route to a parking garage owned and operated by University Circle, Inc.

I see no reason to distinguish the facts in *Fogaras* from the facts in this case. If an employee who is injured walking on a walkway adjacent to her work parking garage can be considered within the "zone of employment," Johnston, who was injured on a sidewalk en route to her work parking garage, should also be considered within the "zone of employment." To hold otherwise would be illogical. Therefore, I would reverse the trial court's decision to grant summary judgment in favor of appellees.