{¶ 9} I dissent because the "coming and going" rule[1] does not in any way whatsoever apply to the facts in this case. In claiming that this rule governs this case, moreover, the majority ignores this court's own precedent in Thompson v. Crestmont (Cuyahoga App. No. 79385), 2001 Ohio App. LEXIS 5175. Thompson clearly rejects applying the "coming and going" rule to cases in which the injuries occurred on property owned by the employer. The "coming and going" rule applies solely to fixed-situs employees injured in traffic accidents on public roads or to slip and fall accidents which occur on public sidewalks." Until now, the rule has not been applied to cases in which the employee is injured on the employer's property.[2] Not only does the majority ignore its own precedent, it also ignores the precedent of the Ohio Supreme Court inGriffin v. Hydra-Matic Division, General Motors Corp. (1988),39 Ohio St.3d 79, 529 N.E.2d 436. In Griffin, the employee was able to recover workers' compensation benefits because she was injured when she slipped and fell in her employer's parking lot after her work shift had ended. The Supreme Court stated as follows:
 {¶ 10} "An injury sustained by an employee upon the premises ofher employer arising during the course of employment is compensable pursuant to R.C. Chapter 4123 irrespective of the presence or absence of a special hazard thereon which is distinctive in nature or quantitatively greater than hazards encountered by the public at large." Thompson at *6-7 citing Griffin at 80. (Emphasis added.)
 {¶ 11} In the case at bar, the "coming and going" rule does not apply because the garage where Ms. Watkins suffered her injuries is neither a public road nor a public sidewalk. The garage is, however, privately owned by her employer. Because the garage is owned by Metrohealth, Ms. Watkins' injuries occurred on her employer's premises. That ownership puts this case squarely within the binding authorities ofThompson and Griffin.
 {¶ 12} Ignoring this threshold issue, the majority analyzes the facts of this case under the three exceptions to the "coming and going" rule. See MTD Products v. Robatin (1991), 61 Ohio St.3d 66. The majority ignores that none of the exceptions even comes into play when an employee suffers an injury on an employer's property. In MTD, the only reason the court looked at the applicability of the "special hazard" rule was that the employee's injuries occurred on a public road.
 {¶ 13} The majority also mistakenly relies on the case of Johnstonv. Case Western University (2001), 145 Ohio App.3d 77. By relying onJohnston, the majority highlights its disregard of the threshold question: Was the worker injured on the employer's premises? Unlike the case at bar, in Johnston the employee was killed on a public sidewalk, not on her employer's property. Because of this fundamental difference neither MTD nor Johnston is authoritative in the case at bar. As a matter of law, therefore, the majority decision is clearly erroneous.
 {¶ 14} Moreover, contrary to the majority's analysis, even the general rule does not operate as a complete bar to an employee who is injured traveling to and from work if:
 {¶ 15} "(1) the injury occurs within the "zone of employment" MTDProducts, supra at 69; (2) the employment creates a "special hazard" Id., citing Littlefield v. Pillsbury (1983) 6 Ohio St.3d 389,453 N.E.2d 570; or (3) there is a causal connection between the employee's injury and the employment based on the "totality of circumstances" surrounding the accident. MTD Products, supra, at 70 citing Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d 1271."Weiss v. University Hospitals of Cleveland (2000), 137 Ohio App.3d 425,431, 738 N.E.2d 884.
 {¶ 16} In Weiss, supra, this court delineated the parameters of the "zone of employment."
 {¶ 17} "Where the conditions under the control of [the employer] are such that the employee has no option but to pursue a given course with reference to such conditions and environments, the pursuance of such course is an implied obligation of the employee in his contract with such employer, and when he, for the purpose of entering upon his employment, has entered into the sphere or zone controlled by his employer, and is pursuing a course with reference to which he has no option, he is then * * * in the course of his employment." Weiss, supra, citingMorris v. City of Cleveland (1945), 44 Ohio L. Abs. 215, 64 N.E.2d 134.
 {¶ 18} In its analysis of whether Ms. Watkins is outside the "zone of employment," the majority draws an artificial factual distinction in the recent decision by the Ohio Supreme Court in Donnelly v. Herron
(2000), 88 Ohio St.3d 425. In Donnelly, plaintiff and defendant worked as security guards for the same employer. On the night in question, defendant had just completed his shift and was leaving his employer's parking lot when he backed into the plaintiff's vehicle.
 {¶ 19} The majority says Donnelly is inapposite because the employees in that case were assigned to work in the employer's parking lot. I find it perplexing that the majority makes much of this fact when the Ohio Supreme Court does not. In reaching its decision, the Court stated:
 {¶ 20} "[A]ny employee who seeks workers' compensation benefits must be in the service of a qualifying employer, and if we held that a coemployee is not in the service of a qualifying employer while drivingin the employer's parking lot on his way to and from work, we would put in serious jeopardy the rights of an entire class of injured claimants who seek workers' compensation benefits under similar circumstances." (Emphasis added.) Donnelly, supra at 428.
 {¶ 21} An objective reading of Donnelly shows quite clearly that the Court focused on the location where he was injured, not merely where he was performing his work.[3] In fact, the Court expressly described the qualifying employee as "driving in the employer's parking lot on his way to and from work." Donnelly, supra, affirms that generally the "zone of employment" includes an employer's parking lot.
 {¶ 22} Even though, as a matter of law, the area where the employee parks does not have to be owned or controlled by an employer to be within the "zone of employment," the majority ignores the fact that both circumstances exist in this case. Meszaros, supra; Sloss v. CaseWestern University (1985), 23 Ohio App.3d 46, 491 N.E.2d 339. The control element is satisfied when the conditions created by the employer in the "zone of employment" leave the employee limited choice as to how to travel to his or her employment.
 {¶ 23} In Sloss v. Case Western University (1985),23 Ohio App.3d 46, this court cited to Marlow v. Goodyear Tire Rubber Co. (1967), 10 Ohio St.2d 18, finding it analogous to the case at hand. Sloss stated:
 {¶ 24} "In Marlow, the court rejected the view that an injury outside the immediate premises of the employer could be compensable only if it occurred in connection with a single access to the premises. The court said at 21:
 {¶ 25} "`* * * The point appears to be illogical. If an employer provides two accesses and the employee has his choice, an injury on either may not be compensable because the other was available for use.' We reject that view as did that court. Equally illogical is the contention that to be compensable an injury must occur at or immediately adjacent to the place of employment. Had appellant selected another parking lot from the choice offered by the university and one that was adjacent to the medical school, would her injury be any more compensable under the circumstances of this case?" Sloss at 48.
 {¶ 26} This court sustained plaintiff's claim that the trial court erred in denying her benefits because she was not within the zone of employment when she sustained her injuries.
 {¶ 27} In the case at bar, Watkins parked in the employee garage Metrohealth assigned to her and which was the most convenient location to where she worked. This assignment evidences Metrohealth's intention that she use only that garage when parking for work. The garage is one of several parking garages designated exclusively for employee parking by Metrohealth. Under the circumstances, I reject the majority's claim that Watkins was not within the zone of employment because she could have parked somewhere else. It is beside the point that Ms. Watkins had other parking possibilities available to her on the day she was injured. The fact is she was injured in Metrohealth's parking garage, not somewhere else.
 {¶ 28} I would, therefore, affirm the judgment of the trial court.
[1] {¶ a} As this court noted in Meszaros v. Legal News Publ'g Co.
(2000), 138 Ohio App.3d 645, 742 N.E.2d 158:
{¶ b} "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place ofemployment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." (Emphasis added.) Meszaros, supra, citing MTDProducts, Inc. v. Robatin (1991), 61 Ohio St.3d 66, 68,572 N.E.2d 661.
[2] Thompson further notes that courts have generally found employee injuries compensable when they have occurred on the employer's property. See, generally, Gregory v. Indus. Comm. of Ohio (1935), 129 Ohio St. 365,369, 195 N.E. 699; Kasari v. Indus. Comm. of Ohio (1932) 125 Ohio St. 410,181 N.E. 809, paragraphs one and two of the syllabus.
[3] {¶ a}The Court followed its earlier decision in Marlow,
supra, where it held that an employee who was injured in a parking lot owned, maintained, and controlled by his employer for the exclusive use of its employees was, when he was injured, in the course of his employment. The Court stated:
{¶ b} "The application of this principle has even more force in the present case because the Avis parking lot was the situs of Herron's employment. Thus, Herron was acting in the course of, and arising out of, his employment * * *."