{¶ 42} I respectfully dissent.
 {¶ 43} Based on the record, the trial court correctly found that "the parking lot was owned by GLM" and "the parking lot is not part of May's [appellee's] business premises." The trial court also correctly found that appellant's fall did not occur within appellee's "zone of employment" because "GLM, not May, had actual control over the maintenance of the common area parking at GLM."
 {¶ 44} Simply advising one's employees to park more than four rows from the mall's entrance and to use a specific door does not establish the control element necessary to establish a zone of employment. As the trial court correctly noted, "[a]ffording a nexus between injury and employment based on walking a direct path into the workplace would effectively impose a workers' compensation coverage obligation on every mall tenant for an employee injured on the mall premises simply because the employee was reporting to work." This is not Ohio law. See MTD Products,Inc. v. Robatin (1991), 61 Ohio St.3d 66, 69 (an injury does not occur within the zone of employment when the employer has no control over the location of the injury or the cause of the injury); Jobe v. Conrad (Jan. 26, 2001), 2nd Dist. No. 18459, 2001 Ohio App. LEXIS 228, at *9-*10 ("Control presumes an actual power, not the potential of obtaining it. * * * [W]orkers' compensation coverage [is not intended to place an] obligation on every tenant of the shopping mall for any of their employees who are injured anywhere on the mall premises.") (emphasis sic);Johnston v. Case W. Res. Univ. (2001), 145 Ohio App.3d 77, 83
("because [the employer] did not have control over the * * * area where [the employee] was injured and [the employee] had a choice as to how to travel to and from work, she was not in the zone of employment when she was injured" walking to a parking lot not owned by her employer); Weiss v. Univ. Hosp. of Cleveland
(2000), 137 Ohio App.3d 425, 431 ("the control element can be satisfied if, because of conditions created by the employer in the zone of employment, the employee has no choice as to how to travel to his or her employment"); Abrams v. Eltech Systems,Inc. (Sept. 8, 1995), 11th Dist. No. 94-L-165, 1995 Ohio App. LEXIS 3894, at *5, citing MTD Products, 61 Ohio St.3d at 68
("injuries occurring off the employer's premises but within the `zone of employment' shall be compensable, but only when a special hazard was created by the employment itself"); cf.Meszaros v. Legal News Publishing Co. (2000),138 Ohio App.3d 645,648-649 (finding that an injury occurred within the zone of employment where the employee "had no choice" as to where to park and the parking area was leased by the employer).
 {¶ 45} Therefore, the decision of the Lake County Court of Common Pleas should be affirmed.